UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
FILED
FEB 08 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**REPUBLIC SERVICES, INC.**                                  **PLAINTIFFS**

v.

CIVIL ACTION NO. 03-494KSF

**PLAINTIFF, REPUBLIC SERVICES, INC.'S MOTION AND MEMORANDUM TO COMPEL DISCOVERY FROM DEFENDANTS, THE LIBERTY COMPANIES**

**LIBERTY MUTUAL INSURANCE
COMPANY, et al.**                                  **DEFENDANTS**

                 \*\*     \*\*     \*\*     \*\*     \*\*

Comes the Plaintiff, Republic Services, Inc. ("Republic") by and through counsel, and hereby moves this Court, pursuant to FED. R. CIV. P. 37(a), and LR 7.1, for an Order compelling production of that portion of the Claims Files (as that term is defined in the Complaint herein) for claims in California from Defendants, the Liberty Companies. The parties have previously agreed and stipulated that because of their disagreement regarding production of certain Claims Files from California, they would submit this issue to the Court for briefing and resolution, and this request was part of the subject matter of the scheduling conference conducted by Magistrate Judge Todd on February 1, 2005. [See DKT # 13 (Joint Report of Parties Planning Meeting, at 4); DKT # 16 (Minutes of scheduling

-1-

conference).] In support of its Motion, Plaintiff, Republic states as follows:

### RELEVANT FACTS

This litigation was filed in the Jessamine Circuit Court on November 10, 2003, and was removed to this Court by Defendants, the Liberty Companies on November 12, 2003. Plaintiff, Republic served written discovery with the Complaint, seeking production of certain claims files for a workers' compensation program which the Liberty Companies handled, administered and managed for Republic, along with access to a claims management database known as RISK TRAC, and certain other pertinent proprietary computer databases of the Liberty Companies, for purposes of performing a claims file audit and obtaining information to support Republic's asserted causes of action in this litigation. Republic also moved for a restraining order, to facilitate production of the claims files by Defendants.

Following a hearing on the Motion for Restraining Order, which took place in November, 2003, and with the assistance of the Court, the parties negotiated and prepared an Agreed Order which was entered by the Court on December 10, 2003. [See DKT # 5.] The Agreed Order (at 2-3) provided that by January 5, 2004, the Liberty Companies would commence production of the 739 claims files at issue ("Claims Files"), and would also respond in writing to certain of Plaintiff's discovery requests by

-2-

January 10, 2004. See December 10, 2003 Agreed Order at 2-3, 6-7.

The production of the Claims Files commenced on January 5, 2004, and is expected to continue until the late spring of 2005. At the time production of the Claims Files began, counsel for the Liberty Companies verbally informed counsel for Republic that the Claims Files for any claims in California (hereinafter, "California Claims Files") would not be produced, on the basis that applicable provisions of state law in California preclude allowing the insured employer (or its agent or designee, which in this instance would include Plaintiff's expert auditors, Mr. Ballard and Mr. Snoddy) access to an employee's medical records in the context of a workers' compensation proceeding. During the course of the production of Claims Files to the date of this Motion (a period of approximately thirteen months), the Liberty Companies have withheld production of all of the California Claims Files on this basis. It is worth noting that this issue was not raised by the Liberty Companies during the November 14, 2003 hearing on the Motion for Restraining Order, or at any point between entry of the Agreed Order and the commencement of the Claims File production in early January, 2004.

At the time that the Liberty Companies' counsel initially indicated that the California Claims Files would not be produced, no specifics were provided concerning the provisions

-3-

of California law claimed to preclude production of these files. A subsequent exchange of correspondence indicates that the parties take very different views of this issue.[1] Counsel for the Liberty Companies has gone so far as to state that "My client will be happy to provide the California claim files when I can assure it that it will not violate the California statute by disclosing [the requested] information."[2]

Counsel for Republic interpret this statement as akin to a request for a legal opinion. No member of Plaintiff's legal team is admitted to practice in California, and therefore the assurances or opinion sought by Defendants cannot and will not be provided. In addition, it is far from clear that the authorities upon which Defendants rely in fact support their continued withholding these materials, in violation of the December 10, 2003 Agreed Order. Plaintiff, Republic is therefore constrained to ask the Court to resolve this issue, in accordance with its interpretation of the statute(s) at issue.[3]

---

[1] See February 5, 2004 letter from Robert E. Maclin, III to J. Clarke Keller; February 25, 2004 letter from J. Clarke Keller to Robert E. Maclin, III, true copies of which are attached hereto and made a part hereof as composite **EXHIBIT A**.

[2] See id., Keller letter to Maclin.

[3] Under the terms of the agreement memorialized in the Agreed Order, this litigation was stayed for the period from entry of the Agreed Order in December, 2003 to the time of filing of Republic's Notice of Reactivation [DKT # 9] on November 12, 2004. During this period, and with the exception of the exchange of positions described herein, the parties deferred further consideration of the California Claims File issue, anticipating that the Court would ultimately have to resolve the question of whether these files must be produced by Defendants.

**ARGUMENT**

**Relevant Provisions of the California Labor Code and
Civil Code Permit Production of the California Claims Files**

The provisions of California statutory law upon which the Liberty Companies apparently rely in declining to produce the California Claims Files do not support their position. As alleged in the Complaint, under the Workers' Compensation Program, Plaintiff, Republic had a significant self-insured retention, under which it was responsible to pay defense and indemnification costs up to a specified amount per claim, and an aggregate amount per year for all claims in that year. In addition to serving as a third-party administrator for Republic's self-insured claims during the relevant time period, the Liberty Companies also provided excess insurance coverage for claims over the specified aggregate amount of Republic's self-insured retention. See Complaint, ¶¶ 15-26.[4]

In the correspondence attached hereto as part of **EXHIBIT A**, counsel for the Liberty Companies contends that disclosure of the California Claims Files, and in particular certain medical information contained therein, would violate CAL. LAB. CODE § 3762, which provides in pertinent part:

> 3762. (a) Except as provided in subdivisions (b) and (c), the insurer shall discuss all elements of the claim file that affect the

---

[4] For each of the first two years of the Workers' Compensation Program, Republic had a maximum annual aggregate retention. In the third year, the aggregate retention was uncapped.

-5-

employer's premium with the employer, and **shall supply copies of the documents that affect the premium** at the employer's expense during reasonable business hours.

... .

(c) An insurer, **third-party administrator retained by a self-insured employer pursuant to Section 3702.1 to administer the employer's workers' compensation claim**s, and those employees and agents specified by a self-insured employer to administer the employer's workers' compensation claims, are prohibited from disclosing or causing to be disclosed to an employer, **any medical information**, as defined in subdivision (b) of Section 56.05 of the Civil Code, about an employee who has filed a workers' compensation claim, **except as follows**:

> (1) Medical information limited to the diagnosis of the mental or physical condition for which workers' compensation is claimed and the treatment provided for this condition.
>
> (2) Medical information regarding the injury for which workers' compensation is claimed that is necessary for the employer to have in order for the employer to modify the employee's work duties.

CAL. LAB. CODE § 3762(a), (c) (emphases added).[5]

As an initial matter, these provisions of § 3762 on which the Liberty Companies purport to rely in withholding the California Claims Files do not support their position. It is clear that both the tone and literal language of § 3762(a) generally support disclosure of file materials to the employer, to the extent that these materials have a bearing on the

---

[5] A complete copy of this statutory provision is attached hereto as **EXHIBIT B**, for the Court's convenience.

employers' premium for workers' compensation coverage. While the situation is, by definition, slightly different where a self-insured retention is involved (because there is no premium *per se* paid for the retained amounts), even the Liberty Companies cannot deny that Republic's aggregate expense and indemnity payments for each year of the Workers' Compensation Program had a direct bearing on the amounts paid to the Liberty Companies, both for the handling, administration and management of those files which did not exceed the amount of Republic's self-insured retention, and as premium payments for the excess coverage above the retained amount for those which did.[6] Therefore, under the language of § 3762(a), it would appear that Republic should have access to all documents in each of the California files tending to have an effect on its premium, and administrative costs for the retained amounts. Commentary by California practitioners is in accord with this interpretation. See O'BRIEN, CALIFORNIA WORKERS' COMPENSATION CLAIMS AND BENEFITS (11th ed. 2004) at 898, § 19.4 (noting that this provision of § 3762 also gives the employer "a right to copies of most documents in the file.").

---

[6] In addition, each time a file was opened, a set fee was paid by Republic to the Liberty Companies, depending on whether the claim was reported for record-keeping purposes, or because the injured worker would require treatment. As a result, the administrative costs paid to the Liberty Companies were increased for each file opened in each year of the Program.

Moreover, the language of § 3762(c), the particular provision cited by the Liberty Companies as the basis for withholding the California Claims Files, does not support the Defendants' position, for at least three reasons. First, the general prohibition in § 3762(c) is <u>only</u> against disclosures of medical information "as defined in subdivision (b) of Section 56.05 of the Civil Code," and <u>not</u> against the complete contents of a workers' compensation file. It is therefore clear that the main portion of § 3762(c), standing alone, does not support withholding the entirety of each California Claims File from Republic's auditors. Furthermore, there do not appear to be any California cases reaching an adverse conclusion.

Second, even the portions of the California Civil Code defining "medical information" as used in § 3762(c), and controlling its disclosure and use, recognize that disclosures of such information may be necessary and appropriate in many contexts, including judicial or administrative proceedings. The medical privacy provision of the Civil Code defines "medical information" as:

> any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment.

CAL. CIV. CODE § 56.05(g).[7] The Civil Code further recognizes that disclosure of such information is necessary and appropriate:

> if the disclosure is compelled by any of the following:
>
> (1) By a court pursuant to an order of that court.
>
> (2) By a board, commission, or administrative agency for purposes of adjudication pursuant to its lawful authority.
>
> (3) By a party to a proceeding before a court or administrative agency pursuant to a subpoena, subpoena duces tecum, notice to appear ..., or any provision authorizing discovery in a proceeding before a court or administrative agency.
>
> ... .
>
> (9) When otherwise specifically required by law.

CAL. CIV. CODE § 56.10(b).[8] The Civil Code further recognizes that:

> (c) A provider of health care or a health care service plan may disclose medical information as follows:
>
> > (2) The information may be disclosed to an insurer, **employer**,... or any other person or entity **responsible for paying for health care services rendered to the patient**, to the extent necessary to allow responsibility for payment to be determined and payment to be made.
> >
> > (8) A provider of health care or health care service plan that has created medical information as a result of

---

[7] A complete copy of this statutory provision is attached hereto as **EXHIBIT C**, for the Court's convenience.

[8] A complete copy of this statutory provision is attached hereto as **EXHIBIT D**, for the Court's convenience.

>employment-related health care services to an employee conducted at the specific prior written request and expense of the employer **may disclose to the employee's employer** that part of the information that:
>
>>(A) *Is relevant in a lawsuit, arbitration, grievance, or other claim or challenge to which the employer and the employee are parties and in which the patient has placed in issue his or her medical history, mental or physical condition, or treatment*, provided that information may only be used or disclosed in connection with that proceeding.
>>
>>(B) Describes functional limitations of the patient that may entitle the patient to leave from work for medical reasons or limit the patient's fitness to perform his or her present employment, provided that no statement of medical cause is included in the information disclosed.

CAL. CIV. CODE § 56.10(c) (emphases added). It is thus clear that under the cited provisions of the Civil Code, the California legislature has contemplated a wide variety of situations under which medical information may be disclosed, and further may be disclosed to an employer.[9] Furthermore, the general circumstances under which such disclosures are allowed all arise

---

[9] In this regard, Plaintiff, Republic recognizes that in addition to the numerous instances under the language of the Civil Code in which disclosures are not allowed, the California courts have likewise found certain disclosures to be improper even in an instance in which the employer (rather than the employee) initially requested the treatment, and the employee later put his mental condition (and the accompanying records) at issue in a judicial proceeding. See Pettus v. Cole, 57 Cal.Rptr.2d 46, 49 Cal.App.4th 402 (App. 1st Dist. 1996) (holding that Mr. Pettus' employer was not entitled to access to psychological evaluations which it had requested).

in the course of a workers' compensation claim: disclosure to an employer, for purposes of determining whether medical expenses (and other costs) are payable, in a proceeding in which the employee has placed his physical or mental condition in issue, and in which both the employer and employee are parties. Such disclosure by the Liberty Companies in this proceeding would therefore not be unprecedented, and in fact appears to be contemplated, at least in general terms, by the provisions of the Civil Code controlling such disclosures.

Third, § 3762(c) of the Labor Code, by its own terms, recognizes that disclosure of certain medical information about an injured worker to his employer by a third-party administrator in the context of a workers' compensation proceeding may be both necessary and appropriate. As such, the statute contains two explicit exceptions, allowing for disclosure to the employer of medical information in order to allow (i) for both diagnosis and treatment of the injured worker's physical and/or mental conditions, and (ii) for modification of the worker's job duties so that the worker can return to his former position in modified duty if necessary. See § 3762(c)(1)-(2). There do not appear to be any published California decisions limiting the right of an employer to receive the medical information in question under the terms of the exceptions, nor limiting the third-party administrator's obligation to provide it.

## CONCLUSION

At the scheduling conference, the Magistrate Judge expressed curiosity as to the rationale for the California statutory provisions at issue in this Motion. What little legislative history material is available indicates that § 3762 of the Labor Code was enacted as part of a sweeping reform of workers' compensation law in California, in order to deter fraud and stimulate job growth. Governor Pete Wilson's signing message for this provision and its sisters is, however, devoid of any privacy concerns which might preclude production of the California Claims Files.[10]

There is no doubt, therefore, based on the foregoing authorities, that California law does not provide a basis for the Liberty Companies to withhold the complete contents of the California Claims Files from review by Republic's auditors in the context of this litigation. Moreover, it appears that there is a sufficient basis in the language of the cited statutes for the Liberty Companies to disclose much, if not all, of the medical records contained therein. It may be that the Liberty Companies are making a distinction based on the fact that the files have not been requested in the course or context of a workers' compensation proceeding, precluding Republic from

---

[10] See signing message accompanying Insurance Code Section 675, a copy of which is attached hereto and made a part hereof as **EXHIBIT E**, for the Court's convenience. The signing message is addressed to the board spectrum of reform provisions, which included § 3762.

-12-

accessing the information, but that conclusion also does not seem to be contemplated by the cited statutes. Plaintiff, Republic therefore respectfully requests that the Court enter the proposed Order tendered herewith, requiring the Liberty Companies to produce the California Claims Files for the within ten (10) days of the entry thereof.

                              Respectfully submitted,

                              */s/ Robert E. Maclin, III*

                              Robert E. Maclin, III, Esq.
                              Brent L. Caldwell, Esq.
                              David A. Cohen, Esq.
                              MCBRAYER, MCGINNIS, LESLIE
                                 & KIRKLAND, PLLC
                              201 East Main Street, Suite 1000
                              Lexington, Kentucky 40507
                              (859) 231-8780
                              ATTORNEYS FOR PLAINTIFF,
                              REPUBLIC SERVICES, INC.

**CERTIFICATION PURSUANT TO LR 7.2 AND 37.1**

I herby certify that counsel in this action have made a good faith effort to resolve this discovery dispute without the Court's assistance prior to the filing of this Motion. In particular, counsel have directly discussed, and exchanged correspondence on, the issues raised, which has narrowed the areas of dispute but has not produced a resolution.

_____
ATTORNEY FOR PLAINTIFF,
REPUBLIC SERVICES, INC.


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by regular, U.S. Mail, on the _8_ day of February, 2005 to the following:

J. Clarke Keller, Esq.
Gregory P. Parsons, Esq.
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507
ATTORNEYS FOR DEFENDANTS,
THE LIBERTY COMPANIES

_____
ATTORNEYS FOR PLAINTIFF,
REPUBLIC SERVICES, INC.

P:\DavidC\Republic\Liberty Mutual\pleadings\mtn compel.doc