Eastern District of Kentucky
FILED

MAR 25 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 03-494-KSF

REPUBLIC SERVICES, INC.,     PLAINTIFF

V.     **MEMORANDUM OPINION AND ORDER**

LIBERTY MUTUAL
INSURANCE COMPANIES, ET AL.,     DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

For the period of time at issue herein, defendants handled, managed, and adjusted workers' compensation claims filed by employees of plaintiff or its subsidiaries. On November 10, 2003, plaintiff filed this action in Jessamine Circuit Court against defendants Liberty Mutual Insurance Company, Liberty Insurance Acquisition Corporation f/k/a Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation, and Helmsman Management Services, Inc. (hereafter collectively referred to as the "Liberty Companies"), alleging breach of contract and breach of fiduciary duty concerning a contractual relationship (the "Workers' Compensation Program") that began in July 1998.[1] Plaintiff also seeks injunctive relief.

Plaintiff Republic Services, Inc. (hereafter "Republic") is a holding company for numerous subsidiary corporations, limited liability companies, and limited partnerships (hereafter "the Republic Companies"), including Republic Services of Kentucky, LLC, a Kentucky limited liability company which operates and does business in Jessamine County, Kentucky. The Republic Companies are residential and commercial waste haulers and owners and operators of landfill and waste disposal facilities; they service customers in Kentucky and in approximately twenty-one (21)

---

[1] On November 12, 2003, defendants removed this action from Jessamine Circuit Court.

other states in the United States. The Republic Companies have employees who have filed workers' compensation claims against them.

On or about July 1, 1998, Republic and the Republic Companies entered into a one-year contract with the Liberty Companies which Republic identifies as "the Workers Compensation Program," wherein the Liberty Companies agreed to service the Republic Companies' workers' compensation claims for the period from July 1, 1998 to June 30, 1999. The parties subsequently entered into a one-year contract wherein the Liberty Companies agreed to service the Republic Companies' workers' compensation claims for the period from July 1, 1999 to June 30, 2000, and another one-year contract concerning workers' compensation claims for the period from July 1, 2000 to June 30, 2001. Republic states that during this three-year contractual period, the Liberty Companies occupied the role of an "excess insurance carrier" and claims administrator, with Helmsman providing managed care services in conjunction with the Workers' Compensation Program.

Republic states that during the policy terms of July 1998 until June 2001, the Republic Companies were severally named as defendants in approximately 7,740 workers' compensation claims proceedings brought by various employees of the Republic Companies (hereafter the "Republic Claims") in Kentucky and other states and that approximately 212 of the Republic Claims files remain open. Additionally, Republic states that it and the Republic Companies remain subject to additional future liability on the approximately 7,528 closed files, which may be "re-opened" by reason of certain subsequent events affecting previously-compensated, work-related injuries to employees of the Republic Companies.

In Count I of the complaint, Republic asserts that the Liberty Companies have not permitted it access to the Republic Claims files for purposes of auditing said files and that such act is a breach of the Liberty Companies' contractual and common law duties to Republic and the Republic Companies to allow access to information owned by, and gathered and prepared for, Republic and the Republic Companies.

2

In Count II of the complaint, plaintiff asserts that the Liberty Companies have breached their fiduciary duties to Republic and to the Republic Companies by refusing to make all files on the Republic Claims available to Republic for auditing, inspection and review; by failing to properly evaluate the Republic Claims and to set appropriate file reserves therefor; and by exposing Republic and the Republic Companies to potential liability for violations of state unfair claims settlement practices statutes, and for the failure of Republic to make complete and accurate disclosures of the workers' compensation liabilities of Republic and the Republic Companies pursuant to the federal securities laws, including the Sarbanes-Oxley Act.

In Count III of the complaint, plaintiff seeks injunctive relief.

## II. THE DISCOVERY DISPUTE

With the filing of its complaint, plaintiff also served written discovery requests seeking production of certain claims files for the Workers' Compensation Program which the Liberty Companies handled, administered and managed for Republic, along with access to a claims management database known as RISK TRAC, and certain other pertinent proprietary computer databases of the Liberty Companies, for purposes of performing a claims file audit and obtaining information to support Republic's asserted causes of action in this litigation. Plaintiff also moved for a restraining order to facilitate production of the claims files by defendants. On November 14, 2003, the court heard plaintiffs' motion for a restraining order, resulting in an Agreed Order that was entered herein on December 10, 2003, which provided that by January 5, 2004, the Liberty Companies would commence production of the 739 claims files at issue ("Claims Files") and would respond to certain of plaintiff's discovery requests by January 10, 2004.

The rolling production of the Claims Files began on January 5, 2004, and should conclude in the late spring of 2005. At the time production of the Claims Files began, the Liberty Companies advised Republic that the Claims Files for any claims in California (hereafter "California Claims Files") would not be produced because the applicable provisions of state law in California preclude allowing the insured employer (or its agent or designee) access to an employee's medical records in

the context of a workers' compensation proceeding. For this reason, the Liberty Companies have withheld production of all of the California Claims Files.

The present discovery dispute concerns the California Claims Files. This matter is before the court on plaintiff's motion to compel discovery from defendants.[2] Specifically, plaintiff has requested an Order compelling defendants to produce that portion of the Claims Files (as that term is defined in the Complaint) for claims in California, *i.e.*, the California Claims Files.

In briefing this matter, the parties have taken diametrically opposed positions: the Liberty Companies assert that because the applicable provisions of state law in California preclude allowing the insured employer (or its agent or designee) access to an employee's medical records in the context of a workers' compensation proceeding, they are unable to produce the California Claims Files to Republic, since such production would be a violation of California law. Republic, on the other hand, acknowledges the California statutes on which the Liberty Companies rely for their belief that they are unable to produce the California Claims Files, but Republic takes the position that the statutory scheme in California also contains specific exceptions applicable to this case that would permit the production of the California Claims Files, including an employee's medical records in the context of a workers' compensation proceeding.

### Applicable Law

California Labor Code, § 3762, which became effective on January 1, 2003, provides, in pertinent part, as follows:

**§ 3762. Factors affecting employer's premium; disclosures by insurer**

(a) Except as provided in subdivisions (b) and (c), the insurer shall discuss all elements of the claim file that affect the employer's premium with the employer, and shall supply copies of the documents that affect the premium at the employer's expense during reasonable business hours.

. . .

---

[2] Pursuant to numerical paragraph 13 of the district court's Scheduling Order entered herein on March 11, 2005, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #22].

4

> (c) An insurer, third-party administrator retained by a self-insured employer pursuant to Section 3702.1 to administer the employer's workers' compensation claims, and those employees and agents specified by a self-insured employer to administer the workers' compensation claims, are prohibited from disclosing or causing to be disclosed to an employer, any medical information, as defined in subdivision (b) of Section 56.05 of the Civil Code, about an employee who has filed a workers' compensation claim, except as follows:
>
> (1) Medical information limited to the diagnosis of the mental or physical condition for which workers' compensation is claimed and the treatment provided for this condition.
>
> (2) Medical information regarding the injury for which workers' compensation is claimed that is necessary for the employer to have in order for the employer to modify the employee's work duties.

Cal. Labor Code § 3762.

Due to the fact that the foregoing statute did not become effective until January 1, 2003, California case law concerning this particular statute has yet to be developed. Thus, this case appears to be a case of first impression. The lack of case law from California notwithstanding, upon review of (1) the parties' memoranda filed in support of and in opposition to Republic's motion to compel the production of the California Claims Files, and (2) the California statutory scheme concerning this matter, the Magistrate Judge is not persuaded by the Liberty Companies' argument that disclosure of the medical information in the California Claims Files to Republic would be a violation of California state law. This conclusion is based on a literal reading of subdivision (c) of § 3762 of the California Labor Code, which authorizes an insurer or a third-party administrator of workers' compensation claims to disclose an injured workers' medical information at issue in two instances:

> (1) Medical information limited to the diagnosis of the mental or physical condition for which workers' compensation is claimed and the treatment provided for this condition.
>
> (2) Medical information regarding the injury for which workers' compensation is claimed that is necessary for the employer to have in order for the employer to modify the employee's work duties.

Cal. Labor Code § 3762(c).

It is clear that the foregoing statute authorizes only the disclosure of medical information limited to the diagnosis of the mental or physical condition for which workers' compensation is claimed and the treatment provided for this condition. Thus, a worker's lifetime medical history information is not subject to release; only that medical information concerning the workers' compensation claim may be disclosed.

The Magistrate Judge is unpersuaded by the Liberty Companies' argument that it does not have the medical expertise to discern what medical information only relates to the diagnosis and treatment of the work-related injury.[3] Additionally, since it appears that there are only 92 files in the California Claims Files, upon review of the affidavit of Carl Fedde, a Certified Public Accountant retained by plaintiff as a file auditor in this case,[4] the Magistrate Judge concludes that redaction of these 92 files would not be unduly burdensome to the Liberty Companies and thus would not warrant the shifting of the costs of redaction to Republic.

---

[3] For example, medical information predating the date of the work-related injury would not be subject to disclosure.

[4] Mr. Fedde's affidavit states, in relevant part, as follows:

2. As part of my duties, I have personally reviewed 210 Claims Files (as that term is defined in the Complaint) in hard copy, and 280 RISK TRAC files for claims under the Workers' Compensation Program.

3. In my review of these files, the medical records I have seen are generally physician progress notes in the hard copy files. There are no medical records electronically imaged in the RISK TRAC files, although I have observed summaries by claims adjusters of physician notes and correspondence which have been typed into RICK TRAC.

4. I have not seen any detailed medical histories of conditions unrelated to the work injury at issue, but have only seen limited discussions of previous medical history where the injured worker has been sent for an independent medical examination or a physician's determination of whether the injured worker has reached maximum medical improvement.

Affidavit of Carl Fedde, CPA - Exhibit "C" to DE #21.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery from the defendants [DE #18] is **GRANTED**.

2. Within twenty (20) days of the date of this Order, the Liberty Companies are directed to redact non-disclosable medical information from the California Claims Files and to produce the California Claims Files, as redacted, to Republic as contemplated by numerical paragraph 1 of the Agreed Order entered herein on December 10, 2003.

This 25TH day of March, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE