Eastern District of Kentucky
FILED

JUN 0 9 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| REPUBLIC SERVICES, INC.,<br><br>PLAINTIFF<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY INSURANCE ACQUISITION CORPORATION f/k/a LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, LM INSURANCE CORPORATION, THE FIRST LIBERTY INSURANCE CORPORATION and HELMSMAN MANAGEMENT SERVICES, INC.,<br>DEFENDANTS. | CIVIL ACTION NO. 03-494 KSF<br><br>**ELECTRONICALLY FILED** |

## AMENDED ANSWER AND COUNTERCLAIM

\* \* \* \* \*

Defendants, Liberty Mutual Insurance Company, Liberty Insurance Acquisition Corporation, f/k/a Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation, and Helmsman Management Service, Inc. (the "Liberty Companies"), for their Counterclaim against Plaintiff, Republic Services, Inc. ("Republic"), state:

### COUNT I

1.  The Liberty Companies and Republic entered into a contractual relationship whereby the Liberty Companies provided workers' compensation insurance and claims administration services to Republic for three consecutive annual terms beginning July 1998, July 1999, and July 2000 (the Worker's Compensation Program").

2. The parties' contract concerning the Worker's Compensation Program consists of the following documents, all of which have been produced to Republic in this litigation:

(a) Liberty Mutual Workers' Compensation and Employer Liability Policy – Insured, Republic Services, Inc.; Policy # WA2-C5D-004207-018; Policy Period 06/30/98 – 06/30/99; Bates labeled LM-000001-LM-000174.

(b) Liberty Mutual Workers' Compensation and Employer Liability Policy – Insured, Republic Services, Inc.; Policy # WA2-65D-004207-019; Policy Period 06/30/99 – 06/30/00; Bates labeled LM-000175-LM-000400.

(c) Liberty Mutual Workers' Compensation and Employer Liability Policy – Insured, Republic Services, Inc. ; Policy # WA7-75D-004207-010; Policy Period 06/30/00 – 06/30/01; Bates labeled LM-000401-LM000643.

(d) Liberty Mutual Workers' Compensation and Employer Liability Policy – Insured, Republic Services, Inc.; Policy # WC2-C51-004207-028; Policy Period 06/30/98 – 06/30/99; Bates labeled LM-000644-LM-000715.

(e) Liberty Mutual Workers' Compensation and Employer Liability Policy – Insured, Republic Services, Inc.; Policy # WC2-651-004207-029; Policy Period 06/30/99 – 06/30/00; Bates labeled LM-000716-LM-000800.

(f) Liberty Mutual Workers' Compensation and Employer Liability Policy – Insured, Republic Services, Inc.; Policy # WC7-751-004207-020; Policy Period 06/30/00 – 06/30/01; Bates labeled LM-000801-LM000870.

(g) Liberty Mutual Excess Insurance Policy for Self-Insurance of Workers' Compensation and Employer Liability Policy; Insured, Republic Services, Inc.; Policy # EW7-65N-004207-038; Policy Period 06/30/98 – 06/30/99; Bates labeled LM-000871-LM-000914.

(h)     Liberty Mutual Excess Insurance Policy for Self-Insurance of Workers' Compensation and Employer Liability Policy – Insured, Republic Services, Inc.; Policy # EW7-65N-004207-039; Policy Period 06/30/99 – 06/30/00; LM-000915-LM-000973.

(i)     Liberty Mutual Excess Insurance Policy for Self-Insurance of Workers' Compensation and Employer Liability Policy – Insured, Republic Services, Inc.; Policy # EW7-75N-004207-030; Policy Period 06/30/00 – 06/30/01; Bates labeled LM-000974-LM-001016.

(j)     Liberty Mutual Excess Indemnity Insurance Policy – Insured, Republic Services, Inc. and Helmsman Service Agreement; Policy # EH1-651-004207-048; Policy Period 06/30/98 – 06/30/99; Bates labeled LM-001056-LM-001096.

(k)     Liberty Mutual Excess Indemnity Insurance Policy – Insures, Republic Services, Inc., Policy # EH1-651-004207-049; Policy Period 06/30/99 – 06/30/00; Bates labeled LM 004967 – LM 004999.

(l)     Liberty Mutual Policy Jacket for Workers' Compensation and Employer's Liability Insurance Policy; Bates Labeled LM 005038 – LM 005043.

(m)    Amendment Two Helmsman Service Agreement Number: WP8-C5B-004207-058; Bates labeled LM 005000 – LM 005012.

(n)     Indemnity Agreement; Bates labeled LM 005013 – LM 005037.

(o)     Renewal binder for policies WA2-65D-004207-019, WC2-651-004207-029, EW7-65N-004207-039, and EH1-651-004207-049, effective 6/30/99, including list of named insureds; Bates labeled LM-001137-LM-001152.

(p)     Renewal binder for policies WA7-75D-004207-010, WC7-751-004207-020, and EW7-75N-004207-030, effective 6/30/00; Bates labeled LM-001269-LM-001272.

  (q) Republic Services, Inc. 2000 Workers' Compensation Partnership Agreement; Bates Labeled LM-001269 – LM-001272.

  (r) Republic Services, Inc. 2000 Letter of Credit & Surety Bond Security Schedule; Bates Labeled LM-001017 – LM-00-1031

  (s) Republic Services, Inc. 1999 Letter of Credit & Surety Bond Schedule – Bates Labeled LM-00-1031 – LM-00-1047.

  3. The Plaintiff, Republic, is taking the position that its contract with the Liberty Companies relating to the Workers' Compensation Program includes additional documents referred to as "Special Service Instructions" and "Minimum Customer Requirements."

  4. The Liberty Companies dispute that position and maintain that the Special Service Instructions and Minimum Customer Requirements are not part of the parties' contract.

  5. There exists an actual case or controversy between the parties as to which documents are or are not included in the parties' contract; therefore, the Liberty Companies submit that they are entitled to a declaratory judgment pursuant to 28 USC §2201 or KRS 418.040 on this issue.

## COUNT II

  6. All the allegations set forth above are reiterated and incorporated herein by reference.

  7. The Liberty Companies maintain that pursuant to the parties' contract, the Liberty Companies have the right to defend and/or settle workers' compensation claims asserted against Republic during the policy years and that they do not have to obtain Republic's prior consent or authorization to settle any claim. In addition, the Liberty Companies maintain that under the contract, they have the right to consummate settlements, including structured settlements, using brokers and/or annuity companies selected by the Liberty Companies.

8. Republic has taken the position that it has a contractual right to require its prior authorization before any workers' compensation claim can be settled by the Liberty Companies and that it has the right to select the brokers and/or annuity companies to handle any structured settlement of workers' compensation claims by the Liberty Companies.

9. There is an actual case or controversy regarding the parties' conflicting interpretations of their contract; therefore, the Liberty Companies are entitled to a declaratory judgment pursuant to 28 USC §2201 or KRS 418.040 on these issues.

## COUNT III

10. All of the allegations set forth above are reiterated and incorporated herein by reference.

11. The Liberty Companies and Republic entered into the 2000 Workers' Compensation Partnership Agreement dated September 6, 2000, Bates labeled LM-001269 – LM-001272 (the "Partnership Agreement").

12. According to the Partnership Agreement, Liberty Mutual guaranteed that Republic's workers' compensation paid loss rate for the plan period beginning June 30, 2000, would fall within a neutral range of 3.669 and 4.485.

13. The Partnership Agreement further provided that if Republic's paid workers' compensation loss rate fell below the neutral range, Liberty Mutual would receive additional compensation as a bonus; however, if Republic's workers' compensation paid loss rate was higher than the neutral range, then Liberty Mutual's compensation would be reduced by a specified amount.

14. By virtue of the Partnership Agreement, the parties established liquidated damages to which Republic would be entitled in the event the Liberty Companies managed the workers' compensation claims such that the loss rate was higher than the neutral range.

15. To the extent Republic is seeking to recover monetary damages from the Liberty Companies in excess of the liquidated damages amount specified in the Partnership Agreement in connection with the Liberty Companies' handling of workers' compensation claims for the plan period beginning July 30, 2000 through July 30, 2001, those claims should be barred.

16. The Liberty Companies are entitled to a declaratory judgment as to the effect of the Partnership Agreement pursuant to 28 USC §2201 or KRS 418.040.

WHEREFORE, the Liberty Companies request the following relief:

1. Declaratory judgment;

2. Award of any damages to which it may be entitled as a result of the Plaintiff's failure to comply with the parties' contract;

3. Recovery of its court costs and attorney's fees incurred herein; and

4. Any and all other relief to which it may be entitled.

s/Gregory P. Parsons
J. Clarke Keller, Esq.
Gregory P. Parsons, Esq.
Stephanie R. Gilford, Esq.
Stites & Harbison, PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507
COUNSEL FOR DEFENDANTS,
THE LIBERTY COMPANIES

## CERTIFICATE OF SERVICE

     I hereby certify that on _____, 2005, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. I further certify that I mailed a copy of the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Brent L. Caldwell, Esq.
Robert E. Maclin, III, Esq.
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 East Main Street, Suite 1000
Lexington, Kentucky 40507
COUNSEL FOR PLAINTIFF,
REPUBLIC SERVICES, INC.

on this the _____ day of _____, 2005.


s/Gregory P. Parsons _____