UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| REPUBLIC SERVICES, INC., <br><br>    PLAINTIFF <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY INSURANCE ACQUISITION CORPORATION f/k/a LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, LM INSURANCE CORPORATION, THE FIRST LIBERTY INSURANCE CORPORATION and HELMSMAN MANAGEMENT SERVICES, INC., <br>    DEFENDANTS. | CIVIL ACTION NO. 03-494 KSF <br><br> ***ELECTRONICALLY FILED*** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT EIGHT OF THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY**

\* \* \* \* \*

    Comes the Liberty Companies, by counsel, pursuant to Fed. R. Civ. 12 and 9(b), move this Court to dismiss Count Eight of the Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted, and failure to plead fraud and misrepresentation with particularity. In support, the Liberty Companies state as follows:

**I.    INTRODUCTION.**

    This case involves a dispute over the handling of the Plaintiff's workers compensation files by the Liberty Companies. The Plaintiff and the Liberty Companies entered into a contractual relationship whereby the Liberty Companies provided worker's compensation insurance and claims administration services to Republic for three consecutive terms beginning

-2-

July 1998, July 1999, and July 2000.  The parties' contract consisted of a number of documents highlighted within the Liberty Companies' previously filed Counterclaim.

The Plaintiff alleges that the Liberty Companies improperly handled a number of claims within the subject workers compensation program, resulting in damages to the Plaintiff.  In response, the Liberty Companies deny mishandling any workers compensation files and further urge that a liquidated damages provision dictates the Plaintiff's recoverable damages.

The Plaintiff alleges within Count Eight of its First Amended Complaint that the Liberty Companies fraudulently misrepresented the way in which they would handle, administer and manage the subject workers compensation program. Count Eight should be dismissed because (1) it fails to describe with particularly the allegedly false statements, and (2) the allegedly false statements do not relate to past events.

### II.   ARGUMENT

#### A.   The Elements of Fraud and Misrepresentation

In order to maintain a fraud claim, a plaintiff must plead: 1) there was a material representation; 2) which is false; 3) known to be false or made recklessly; 4) made with inducement to be acted upon; 5) acted in reliance thereon and 6) causing injury.  *See, United Parcel Service v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999); *Wahba v. Don Corlett Motors, Inc.*, 573 S.W.2d 357 (Ky. 1978).

Similarly, the tort of negligent misrepresentation, while a separate tort from fraud, shares the same elements with the narrow exception that negligent misrepresentation "demands only that a false representation or concealment be made negligently, rather than recklessly or knowing of its falsity." *Crescent Grocery Co. v. Vick,* 240 S.W. 388, 389 (Ky. 1922); *Investors Heritage*

-2-

*Life Ins. Co. v. Colson*, 717 S.W.2d 840, 842 (Ky. Ct. App. 1986).  Thus, the pleading with particularity requirements are the same for fraud claims and negligent misrepresentation claims.

      B.      **Count Eight of the Plaintiff's First Amended Complaint Fails to Plead Fraud and Misrepresentation with Particularity.**

The Plaintiff alleges within Count Eight, Paragraph 92 of its First Amended Complaint that "[t]he Liberty Companies made materially false misrepresentations regarding their workers compensation claims handling practices, procedure and guidelines by which they would handle, administer and manage the Workers Compensation Program for Republic."  Noticeably absent from Count Eight is the inclusion of any specifics surrounding the false representations such as the nature, time, place, author or contents of the false representations.  The Plaintiff does not even distinguish which of the multiple defendants purportedly made false representations or to whom such representations were made.  Thus, the Plaintiff's claims for fraud and misrepresentation should be dismissed for failure to plead such allegations with particularity.

Rule 9 of the Federal Rules of Civil Procedure makes it clear that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b).  "The purposes of this special pleading requirement are to protect a defending party's reputation from harm, . . . and to provide detailed notice of a fraud claim to a defending party.  The Rule also discourages meritless fraud accusations that can do serious harm to the goodwill of a business or professional person." 2 *Moore's Federal Practice* § 9.03[1][a], at 9-17 (3d ed. 2002) [hereinafter, "Moore's"].  "The reference to 'circumstances constituting fraud' usually requires the claimant to allege at a minimum the identity of the person who made the fraudulent statement, the time, place, and content of the misrepresentation, the resulting injury, and the method by which the misrepresentation was communicated." Id. § 9.03[1][b], at 9-18 (citing, *inter alia*, *Coffee v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (allegations of time, place,

-3-

content, fraudulent scheme, fraudulent intent, and resulting injury required)). At a minimum, a complaint must "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bledsoe v. Community Health Systems*, 342 F.3d 634, 643 (6th Cir. 2003) (internal quotations marks and citations omitted).

Where multiple defendants are named, the complaint must contain specific allegations as to which defendant committed the fraudulent act. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984); *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1117 (W.D. Mich. 1996). If a fraud claim involves multiple defending parties, "the claimant must make specific and separate allegations against each defendant." *Moore's* at § 9.03[1][g] at 9-25.

The Plaintiffs' First Amended Complaint wholly fails to provide any Defendant with notice of misstatements which purportedly serve as the alleged fraudulent conduct on which Plaintiffs' claims are based. The Plaintiff fails to provide any hint as to the contents of the alleged fraudulent statements, the author of such statements or the time in which such statements were made and/or relied upon. Since Plaintiff's First Amended Complaint patently fails to meet the required Rule 9(b) pleading standards, it must be dismissed.

### C. Count Eight of the Plaintiff's First Amended Compliant Fails to State a Claim Upon Which Relief can be Granted and Therefore Should be Dismissed.

The Plaintiff's claims of fraud and misrepresentation are not viable because they are based on promises of future conduct and results, not on statements relating to past or existing events. The Kentucky Supreme Court established that "fraud cannot be predicated upon statements which are promissory in their nature when made and which relate to future actions or conduct, upon mere failure to perform a promise - nonperformance of a contractual obligation -

-4-

or upon failure to fulfill an agreement to do something at a future time or to make good subsequent conditions which have been assured. Such nonperformance alone has frequently been held not even to constitute evidence of fraud*." Mario's Pizzeria, Inc. v. Fed. Sign & Signal Corp.,* Ky., 370 S.W.2d 736,. 740 (1964) (quoting 23 Am. Jur. Fraud and Deceit § 38). Likewise, actionable "misrepresentation must relate to a past or present material fact which is likely to affect the conduct of a reasonable man and be an inducement of the contract." *McHargue v. Fayette Coal & Feed Co.,* 283 S.W. 2d 170, 172 (Ky. 1955*). See also, Hunt Enter., Inc. v. John Deere Industrial Equip.*, 18 F. Supp.2d 697, 702 (W.D.Ky. 1997) (citing, *Schroerlucke v. Hal*, 249 S.W.2d 130, 131 (Ky. 1952)); *John L. St. Martin v. KFC Corporation*, 935 F.Supp. 898, 908 (W.D. Ky. 1996).

In the present action, the Plaintiff bases its fraud claim on the Liberty Companies purported misrepresentation of how "they **would** handle, administer and manage the Workers Compensation Program" for the Plaintiff. (Plaintiff's First Amended Complaint, ¶92). The purported misrepresentations imputed to the Liberty Companies relate solely to statements of future conduct and future claims handling, not to past or present facts. The Plaintiff, therefore, fails to state a viable claim of fraud or misrepresentation, and those counts should be dismissed as a matter of law.

## CONCLUSION

Count Eight of the Plaintiff's First Amended Complaint fails to plead allegations of fraud with particularly. In addition, Count Eight's allegations of fraud relate to future, not past or present actions, on the part of the Defendants. For either or both of these reasons, Count Eight of Plaintiff's First amended Complaint should be dismissed.

                                                    */s/ Gregory P. Parsons*
                                                    J. Clarke Keller, Esq.
                                                    Gregory P. Parsons, Esq.
                                                    Stites & Harbison, PLLC
                                                    250 West Main Street, Suite 2300
                                                    Lexington, Kentucky 40507
                                                    COUNSEL FOR DEFENDANTS,
                                                    THE LIBERTY COMPANIES

I hereby certify that on November 28, 2005, I
Electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system, which
Will send a notice to the following:

Brent L. Caldwell, Esq.
Robert E. Maclin, III, Esq.
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 East Main Street, Suite 1000
Lexington, Kentucky 40507
COUNSEL FOR PLAINTIFF,
REPUBLIC SERVICES, INC.


*s/Gregory P. Parsons*

CM61:36901:215422:1:LEXINGTON