Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**FEB 0 8 2006**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

REPUBLIC SERVICES, INC.,

PLAINTIFF

v.

CIVIL ACTION NO. 03-494 KSF

LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY INSURANCE
ACQUISITION CORPORATION f/k/a
LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY INSURANCE
CORPORATION, LM INSURANCE
CORPORATION, THE FIRST LIBERTY
INSURANCE CORPORATION and
HELMSMAN MANAGEMENT SERVICES,
INC.,
                    DEFENDANTS.

**THE LIBERTY COMPANIES' RESPONSE TO PLAINTIFF'S MOTIONS TO COMPEL**

Defendants, Liberty Mutual Insurance Company, Liberty Insurance Acquisition

Corporation, f/k/a Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM

Insurance Corporation, The First Liberty Insurance Corporation, and Helmsman Management

Service, Inc. ("Defendants" or the "Liberty Companies") submit the following response to

Plaintiff, Republic Services, Inc.'s ("Plaintiff" or "RSI") Motions to Compel.

**I.     INTRODUCTION**

Plaintiff's Motions to Compel circumvent the Court's current Order providing for a

telephonic discussion of discovery disputes with Magistrate Judge James B. Todd and demands

acts (e.g., verification of responses to Requests for Production of Documents and Requests for

Admissions) and information and/or documents (e.g., all documents upon which Defendants will

rely in their defense) not contemplated by Civil Rules 33, 34 and 36. For the reasons stated below, this Court should deny Plaintiff's Motions.

## II.   **BACKGROUND OF DISCOVERY ISSUES**

This case involves a dispute over the handling of RSI's workers compensation files by the Liberty Companies. RSI and the Liberty Companies entered into a contractual relationship whereby the Liberty Companies provided workers' compensation insurance and claims administration services to RSI for three consecutive annual terms beginning July 1998, July 1999 and July 2000. Complaint at ¶15. During the relevant policy periods, approximately 7,750 workers' compensation claims were brought by various employees of RSI and those claims have been handled by the Liberty Companies. Id. at ¶18. As of date of the filing of the Complaint in this action, approximately 212 of those claims remained open. Id.

In addition to maintaining paper files regarding each claim, the Liberty Companies maintain files electronically and make the files available to their customers in a system known as RISKTRAC. See Affidavit of Greg Brisee filed in support of Defendants' memorandum in Response to Plaintiff's Motion for Restraining Order, ¶6. The electronic RISKTRAC files contain everything the paper files do except for correspondence from counsel defending the workers' compensation claim, and the workers' compensation claimants' medical records. Id. All noteworthy correspondence and medical records are summarized in RISKTRAC. Id. RSI had and continues to have access to the RSI employee claim files through RISKTRAC. Id. at ¶9.

In addition to RISKTRAC, the Liberty Companies use an electronic claims processing system. The old system was called BOCOMP and the new system is called ExPRS. The information from both of these systems is also viewable in RISKTRAC.

During the discovery phase of this litigation, the Liberty Companies have produced 272,513 documents to RSI. These documents include 740 claims files,[1] 58,500 other corporate documents and 40,207 BOCOMP documents. Additionally, RSI and its experts had unlimited access to RISKTRAC. The Liberty Companies made these documents available to RSI pursuant to an agreement that RSI would pay rent for use of space on the 18th floor of the building where the Liberty Companies' counsel is located in Lexington, Kentucky.[2] RSI's counsel and its experts reviewed both paper and electronic documents in this space for 18 months from January 2004 to May 2005.[3]

In addition to producing 272,513 documents to RSI, the Liberty Companies have responded to 17 Requests for Admissions and 38 Interrogatories propounded by Plaintiffs. On February 3, 2006, the Liberty Companies received 10 additional Interrogatories and 13 Requests for Admissions from RSI.

Due to the magnitude of this case and particularly, the management of a large scale document production, the parties have routinely agreed to extend discovery response deadlines and to allow more Interrogatories than permitted pursuant to the Civil Rules. Plaintiff has taken advantage of these accommodations and has served the Liberty Companies with three sets of Interrogatories, three sets of Requests for Admissions and two sets of Requests for Production of

---

[1] RSI requested only those claim files for which paid amounts exceeded $7500; that limitation resulted in the production of 740 claim files.

[2] The Court will recall that the Liberty Companies did not initially produce claims files that were handled in the Liberty Companies' California offices. Pursuant to Section 3762 of the California Labor Code, the Liberty Companies were prohibited from disclosing medical information to the employer about an employee who filed a workers' compensation claim except (a) where medical information is limited to the diagnosis and treatment of the claimed mental or physical condition, or (b) if medical information about the injury is necessary to permit the employer to modify the employee's work duties. Upon this Court's order, the Liberty Companies produced the California files with all medical information redacted. These California files were not available to RSI when its counsel and experts were reviewing documents on the 18th floor of the Lexington Center, but instead, were subsequently sent to Lynn Imaging for copying and delivered directly to counsel for RSI.

[3] RSI has not reimbursed the Liberty Companies for use of this additional rented space as promised.

Documents. In addition to responding to Plaintiff's discovery and complying with their

obligations under Rule 26, the Liberty Companies have also been preparing and defending

witnesses for deposition pursuant to RSI's notices.[4]

The Liberty Companies have diligently worked to provide RSI with its requested

discovery and have continually supplemented their document production as missing claims files

have been located. In fact, they continue to do so. On Friday, February 3, 2006 and Monday,

February 6, 2006, counsel for Liberty Mutual received 9 files from the Liberty Companies that

they were previously unable to locate. Those files have been sent to Lynn Imaging and will be

sent to RSI when copying is complete.

By filing these motions, RSI chose not to follow the procedures outlined for resolving

discovery disputes in this Court's Order of March 22, 2005. The Court's review of the Liberty

Companies' response below will reveal that the Liberty Companies have not been evading

discovery as RSI would have this Court believe, but have been more than willing to

accommodate reasonable requests for discoverable information in this case. In fact, the Liberty

Companies continue to do so by amending responses, revising their privilege log and producing

additional documents. RSI's Motions are procedurally improper and without merit and this

Court should deny them.

## III. **PLAINTIFF'S MOTIONS ARE PROCEDURALLY IMPROPER**

On March 11, 2005, this Court entered a scheduling order for this case. The order

provided, at Paragraph 13 that:

> **ALL DISCOVERY DISPUTES ARE REFERRED TO MAGISTRATE**
> **JUDGE JAMES B. TODD FOR RESOLUTION, PURSUANT TO TITLE**
> **28, U.S.C., SECTION 636(b)(1)(A). FIRST THE PARTIES SHALL**
> **ATTEMPT TO RESOLVE THE DISPUTE AMONG THEMSELVES.**

---

[4] Plaintiff has indicated it wants to depose hundreds of Liberty employee claims handlers around the
country.

**SECOND, IF THE PARTIES ARE UNABLE TO RESOLVE THE DISPUTE, THEY SHALL ATTEMPT TO RESOLVE THE DISPUTE WITH THE MAGISTRATE JUDGE BY TELEPHONE.**

**THIRD, IF AFTER THE TELEPHONE CONFERENCE WITH THE MAGISTRATE JUDGE THE DISPUTE IS NOT RESOLVED, I.E. THE PARTY SEEKING DISCOVERY IS STILL UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING FROM THE TELEPHONE CONFERENCE, THAT PARTY MAY FILE A WRITTEN MOTION TO COMPEL CONTAINING APPROPRIATE FACTUAL AND LEGAL ARGUMENTS <u>DIRECTED TO THE MAGISTRATE JUDGE</u> . . .. THE TIME PERIOD FOR FILING THE MOTION TO COMPEL AND THE RESPONSE AND ANY REPLY SHALL BE SET BY THE MAGISTRATE JUDGE IN HIS DISCRETION. . . .**

THE COURT REQUIRES STRICT COMPLIANCE WITH THE TERMS OF THIS ORDER. FAILURE TO COMPLY WILL RESULT IN THE IMPOSITION OF SANCTIONS. (Capitalization and emphasis in original)

RSI violated this Court's order.

As described above, this is massive litigation involving hundreds of thousands of pages of documents and hundreds of witnesses. RSI has served three sets of discovery on the Liberty Companies and occupied office space dedicated to the review of documents by RSI for over 18 months. RSI has repeatedly insisted that claims files be produced that (1) have already been produced or (2) the Liberty Companies have not been able to locate.

RSI has made no attempt to resolve this dispute with the Magistrate Judge by phone as ordered by this Court.

RSI has not directed its Motions to the Magistrate Judge, but has instead filed its motions directly with this Court.

In light of its failure to comply with of this Court's Order, this Court should deny RSI's Motions to Compel.

## IV.  **THIS COURT SHOULD DENY PLAINTIFF'S MOTIONS TO COMPEL**

### A.  **The Liberty Companies Have Complied With Their Obligations Under Rules 34 And 36 Of The Federal Rules of Civil Procedure.**

The Liberty Companies have provided complete written responses to both sets of Requests for Admissions propounded by RSI. Additionally, the Liberty Companies have produced 272,513 documents in response to RSI's Requests for Production of Documents. Concurrently with this Response, the Liberty Companies have also served RSI with written responses to both sets of their Requests for Production of Documents.[5] Accordingly, the Liberty Companies have fulfilled their obligations under Rules 34 and 36 of the Federal Rules of Civil Procedure.

RSI, however, insists that the Liberty Companies have two additional duties: (1) to provide ***verifications*** for their Responses to Requests for Production of Documents and their Responses to Requests for Admissions and (2) to identify, by the relevant Bates Numbers, all documents that are responsive to each Request for Production of Documents. RSI can provide no authority for these assertions.

First, RSI claims that "verifications are necessary in order to establish that to the best of the signer's knowledge, the disclosure is complete and correct," citing Rule 26(g) of the Federal Rules of Civil Procedure and Dollar v. Long Mfg. N.C., Inc., 561 F.2d 613, 616 (5th Cir. 1977). Rule 26(g) provides, in relevant part, that:

> Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

---

[5] Documents were previously provided in response to the requests for production.

> (A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
>
> (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
>
> (C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

The Liberty Companies' responses are signed by their attorney. No further verification or certification is required by Rule 26(g), Rule 34 governing Requests for Production of Documents or Rule 36 governing Requests for Admissions. Similarly, the Dollar case cited by RSI makes no mention of a verification. The court in Dollar does not even address Requests for Production of Documents or Requests for Admissions. The only discovery responses that must be verified are answers to Interrogatories. See Rule 33. RSI cannot cite any law to the contrary.

Second, RSI contends that "the Liberty Companies should be compelled to identify, by the relevant Bates Nos., all documents that are responsive to each Request." Rule 34 requires a responding party to serve a written response stating that "inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." The rule further states that "[a] party who produced documents for inspection shall produce them as they are kept in the usual course of business *or* shall organize and label them to correspond with the categories in the request." (Emphasis added.) The Liberty Companies have produced 272,513 documents in the manner they were kept in the course of the Liberty Companies' business. RSI had access to 740 claim files in a specially dedicated office for over 18 months. The Rules do not require the Liberty Companies to engage in the unduly burdensome task of identifying each of the 272,513 documents that are responsive to each of the Requests for Production of Documents propounded by RSI.

The Liberty Companies have fulfilled their obligations under Rules 34 and 36 of the

Federal Rules of Civil Procedure and this Court should deny Plaintiff's Motions to Compel.

**B.**     **The Liberty Companies Have Produced All Requested Claims Files In Their Possession, Custody Or Control That They Have Been Able To Locate**

As described above, the Liberty Companies have produced 272,513 documents to RSI.

Beginning on January 5, 2004, the Liberty Companies made space available to RSI on the 18th

floor of the Lexington Financial Center. RSI's attorneys and experts had almost continual access

to this space for 18 months and spent a great deal of time there reviewing documents and

analyzing data. Notably, RSI and the Liberty Companies had an agreement that RSI would

reimburse the Liberty Companies for the costs of renting the space, but to date, RSI has failed to

do so. During those 18 months, RSI had access to all of the claims files it requested with the

exception of those files that the Liberty Companies have been unable to locate.

Counsel for RSI has written counsel for the Liberty Companies letters indicating that a

variety of files were "missing." Counsel for the Liberty Companies has responded explaining

that all of the files, with the exception of those the Liberty Companies has been unable to locate,

were produced.

In fact, the 272,513 documents produced by the Liberty Companies include over 740

claims files. As set forth below, there were 12 files identified in Exhibit A to RSI's Motions that

the Liberty Companies were previously unable to locate. The Liberty Companies recently

located 6 of those files and delivered them to their counsel on February 3 and 6, 2006. These

files will be sent to Lynn Imaging for copying and delivered to counsel for RSI when they are

complete. There are only 4 files remaining on RSI's list that the Liberty Companies have been

unable to locate after a reasonable and diligent search and 2 files for which the Liberty

Companies are still searching.[6]   Additionally, the Liberty Companies hereby agree to provide

paper copies of the files described below that RSI contends were not produced, but in fact, were

available to RSI during its 18 month review.

The following are claims files that RSI claims are "missing," but were in fact, available

to RSI during the entire time its counsel and experts were reviewing documents on the 18th floor

of the Lexington Financial Center:

- **Frias-Alba, Gaberial**      (located in closed box 4[7])

- **Mosier, Johnny**     (located in open box 38)

- **Schimmel, Jason**   (located in open box 38)

- **Warriner, Pamela K**      (located in open box 11) It appears the RSI has an

   incorrect claim number for Ms. Warriner's file. RSI's chart attached to Exhibit

   A lists Ms. Warriner's claim number as 555-552802, but their counsel's letter

   lists the claim number as 555-552808. The correct number is 555-552802.

- **Cornett, Charles**   Counsel for RSI originally identified a file for custodian

   Julie Hughes in his July 13, 2005 letter. Ms. Hughes is the custodian for

   Charles Cornett. The file is in Mr. Cornett's name.

- **Moore, Allen**      (located in box 7) The Allen Moore file started out as

   claim number 457-134954 and was then changed to 949-50541.

- **Austin, Barry**     RSI's counsel contends in his letter that "[t]he Barry Austin

   paper Claim File the Liberty companies have yet to produce is an Arizona

   claim, not a California claim." Barry Austin is a California claim file and was

   produced to RSI on July 29, 2005. Even though Mr. Austin worked in Arizona,

---

[6] Six missing files out of over 750 files requested is a very small percentage.

his claim was handled in a California claims office and it has a California claim number.

The following are claims files that the Liberty Companies produced, but the claimant had a second, separate work-related injury, or are claims files that the Liberty Companies were previously unable to locate, but have recently been produced to Defendants' counsel.

- **Bathory, Laszlo**   The Liberty Companies produced claim number 390-024078 with a date of loss of 7/29/99 for a back claim.  The Liberty Companies recently located claim number 832-126133 with a date of loss of 1/28/99 for a cut forearm and will provide a copy to RSI.

- **Zimmerman, Karl W**   The Liberty Companies recently located this file and will provide a copy to RSI.

- **Davis, Kimble**   The Liberty Companies recently located this file and will provide a copy to RSI.

- **Doyle, Shelby**   The claim number and date provided by RSI did not match the claim number or date for the file that was in the possession of counsel for the Liberty Companies.  The Liberty Companies recently located this file and will provide a copy to RSI.

- **Demarco, Gerome** The Liberty Companies recently located this file and will provide a copy to RSI.

- **Allen, James**   The Liberty Companies recently located file number 714-68689 and will provide a copy to RSI.

---

[7] The boxes of documents produced by the Liberty Companies were divided between open and closed files.

- **London, Joseph**   The Liberty Companies recently located this file and will provide a copy to RSI.

- **Moran, Dennis**   The Liberty Companies recently located this file and will provide a copy to RSI.

- **Mills, Victor M**   Claim number 390-090049, with a date of loss of 9/21/00, was provided to RSI during the entire period of time RSI's experts were examining files in the office space provided by the Liberty Companies. The Liberty Companies recently located claim number 390-123417 with a date of loss of 4/11/01 and will provide a copy to RSI.

The following are claim files that the Liberty Companies have been unable to locate after a reasonable and diligent search:

- **Hughes, Edward**

- **Ethridge, Bruce**

- **Kendall, Michael**

- **Owens, George I**

The following are files for which the Liberty Companies are still looking:

- **Flores, Isidoro**   The Liberty Companies produced claim number 471-407215, date of loss 4/22/99, for a strain to the left knee.  RSI indicates that it does not have claim number 471-391358 for Ms. Flores with a date of loss of 8/17/98 and a possible tear of tendon or ligament of the left knee.  The Liberty Companies are looking for claim number 471-391358 and will provide a copy to RSI if they locate it.

- **Coleman, Jeremy W**      The Liberty Companies produced 471-406104, with a date of loss of 12/9/98. RSI lists claim number 471-432049 with a 12/27/99 date of loss. The Liberty Companies are looking for claim number 471-432049 and will provide it to RSI if they locate it.

RSI also identifies a number of California files that it claims the Liberty Companies have not produced. However, all of the California files have been produced with the exception of Francisco Contreras, Steve Godsey, Patrick Powers and Alberdo Diaz. The Liberty Companies have performed a reasonable and diligent search and have been unable to locate those files, but will produce them if they are found. Attached as Exhibit A is a list of files sent to Lynn Imaging for copying and the date on which they were sent. Lynn Imaging made payment and delivery arrangements with RSI's counsel. See Lynn Imaging's affidavit by Connie Moore confirming delivery of these files, attached as Exhibit B.

## C.      The Liberty Companies Have Complied With Their Obligations Under Rule 33 Of The Federal Rules Of Civil Procedure

Of 38 Interrogatories to which the Liberty Companies responded, RSI takes issue with seven of them. Those seven will be discussed below:

**INTERROGATORY NO. 1:**      For each of the Liberty Companies' Answers to these Interrogatories, state the name, address, telephone number, present employer, and job classification or position of each and every person who has provided information in response to each such Interrogatory.

**ANSWER:**    The Liberty Companies' legal department has assembled the information for these interrogatory responses from numerous sources within the Liberty Companies.

*DISCUSSION:* The Liberty Companies' responses to written discovery required the compilation and review of information from hundreds of documents and many computer

databases. These activities were initiated by various members of the Liberty Companies' legal department. It is neither necessary nor appropriate for the Liberty Companies to identify its counsel and paralegals who compiled and reviewed information later produced in response to written discovery.

Liberty Mutual employees outside of the legal department who provided information to the legal department for these interrogatories include Gary Sundholm (Customer Service Manager, Tampa), Daniel Dunne (Senior Account Executive, Tampa), Avery Springer (Customer Service Coordinator, Tampa), Michael Pisari (Underwriting, Boston), Judith Labelle (National Market Service Management, Boston), and Thomas Thompson (National Claims Administrator, Dover).

**INTERROGATORY NO. 2:** State whether the Liberty Companies, prior to answering these Interrogatories, made due and diligent search of each of the Liberty Companies' books, records, and papers, and due diligent inquiry of each of the Liberty Companies respective past and present agents and employees for the purpose of securing, obtaining and/or retrieving all information and documents responsive to these Interrogatories and Plaintiff's First set of Request for production of Documents on the Liberty Companies, Plaintiff's Second Request for Production of Documents to the Defendants, and Plaintiffs First Set of Requests for Admission to Defendants.

**ANSWER:** Subject to objections interposed within specific interrogatory responses, the Liberty Companies have searched available records which may contain information responsive to these Interrogatories.

***DISCUSSION:*** The Liberty Companies' response to this interrogatory is neither non-responsive nor evasive. If this interrogatory merely "asked for confirmation that the Liberty

Companies made a due and diligent investigation in responding to the interrogatories" as you suggest, then the Liberty Companies would have responded with an unqualified "yes." Instead, this interrogatory asked the Liberty Companies to confirm that it performed a search well beyond what is required by the civil rules, such as searching every document in its databases and speaking with every current and former employee.  A responding party is not required to search every document or to seek information outside of the organization from former employees.  The Liberty Companies conducted a "reasonable search" which you acknowledge is all that is required.

To the extent that Republic would prefer that the Liberty Companies review the contents of every document within its databases (whether related to the Republic Workers Compensation Program or not) or speak with every current and former employee of the Liberty Companies, such an effort would be wholly impractical and unreasonable, and is not required by Fed. Rule Civ. P. 33.

**INTERROGATORY NO. 20:**        For each affirmative defense, asserted by the Liberty Companies in response to Republic's claims in this litigation state/identify:

> (a) The name, address, and telephone number of each and every witness whom the Liberty Companies contend has knowledge or facts concerning the basis of each affirmative defense;
>
> (b) Each and every document or other tangible piece of evidence upon which the Liberty Companies intend to rely in support of each and every affirmative defense; and
>
> (c) The factual basis of each and every defense upon which the Liberty Companies intend to rely.

**ANSWER:**     Objection.  This interrogatory seeks information which is protected by the work-product doctrine.  Specifically, this interrogatory seeks to discover the Liberty Companies' theory of the case and their litigation strategy.  With regard to the identity of witnesses and

documents which may support the Liberty Companies' defenses, discovery is just beginning as and the first depositions have not been taken. Further, the Liberty Companies refer to previously exchanged Fed. R. Civ. P. 26(a)(1) disclosures as well all documents exchanged to date. With regard to exhibits which the Liberty Companies may introduce at trial, this request will be supplemented in compliance with any pretrial order. Further, with regard to witnesses which the Liberty Companies may call at the trial of this case, this request will be supplemented in compliance with any pretrial order.

*DISCUSSION:* This interrogatory seeks much more than the factual basis for the Liberty Companies affirmative defenses. Instead, this contention interrogatory seeks the Liberty Companies' future litigation strategy, information protected by the work-product doctrine. Paragraphs (b) and (c) seek the disclosure of facts and information to which the Liberty Companies "intend to rely." Not only have the Liberty Companies not yet developed their final trial strategy, but such information is protected from disclosure. Moreover, since this contention interrogatory merely tracks the assertions of the Liberty Companies' Answer, it qualifies as a "serious form of discovery abuse, because such interrogatories can be used to impose great burdens on the opposing party, and almost always are counterproductive." *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 227 (N.D. Cal. 1985).

With regard to paragraphs (a) and (b) of this interrogatory, such information is included within the Liberty Companies Fed. R. Civ. P. 26(a)(1) disclosures as well as the thousands of documents produced to date. In fact, the thousands of pages contained in the hundreds of claim files at issue and the contracts previously produced constitute the bulk of the evidence on which Liberty's defenses are based.

**INTERROGATORY NO. 23:** Identify by parties involved, general subject matter, and disposition, each and every claim and/or demand made on and after January 1, 1995, made upon any one or more of the Liberty Companies and in which claims have been asserted that any one or more of the Liberty Companies or any of their affiliates improperly and/or negligently handled, administered or managed a workers compensation claim and/or workers compensation claims program.

**ANSWER:** Objection. This interrogatory is overly broad and unduly burdensome as written as it would require the Liberty Companies to review and describe the contents of millions of documents. Further, answering this interrogatory as written would require the Liberty Companies to search and review every document within its databases for any reference during a ten year period for purported complaints of mishandling any workers compensation claim, whether related to the Republic Workers Compensation Program or not. Without waiving these objections, the spreadsheet provided in response to Interrogatory No. 21 above may include the requested information.

***DISCUSSION:*** This interrogatory is impossible to answer as written as it would require the Liberty Companies to review and describe the contents of millions of documents. Answering this interrogatory would require the Liberty Companies to itemize each and every complaint of any type relative to any workers compensation claim over a ten year period. Such would require an individual review of hundreds of thousands of claims files located around the country, most of which have no relation to the Republic Workers Compensation Program. The Liberty Companies have no database that would produce this information. Further, the "claim and/or demand" could range in subject matter from receiving a benefit check one day late to the attitude of a claims handler, issues wholly dissimilar to Republic's claims against the Liberty Companies.

Recognizing that Republic's Complaint is based on the Liberty Companies' purported breach of contract, the Liberty Companies compiled a list all claims alleging a breach of contract arising from a workers compensation policy or program and thereafter provided this information in response to Interrogatory No. 21. In the event that Republic seeks information about similar claims, then the Liberty Companies' response to Interrogatory No. 21 provides such information.

**INTERROGATORY NO. 35:**       If the Liberty Companies' Response to any of the Requests for Admission set forth in the Plaintiff's First Set of Requests for Admission to Defendants is anything other than an unqualified and complete admission, state in detail the basis for each such denial.

**ANSWER:**    Objection. This interrogatory is asking The Liberty Companies to prove a negative. Without waiving this objection, please see the Liberty Companies' responses to individual requests for admissions tendered by the Plaintiff.

*DISCUSSION:* This Interrogatory asks the Liberty Companies to prove a negative. In the event that any request for admission contained an inaccurate statement, the Liberty Companies denied the statement. The factual basis for all denials is the absence of accuracy. Moreover, several of the requests for admissions are inherently vague as written or unsuitably ask the Liberty Companies to admit "general acceptance."

**INTERROGATORY NO. 37:**       (a) State the final annual premium charged by the Liberty Companies to Republic under the Republic Workers Compensation Program for each of the contract periods commencing on July 1, 1998, July 1, 1999, and July 1, 2000; (b) state the factual basis therefore; and (c) describe the process, procedure, calculations and any documents relied upon in calculating each such premium.

**ANSWER:**  The Liberty Companies are in the process of compiling information responsive to this Interrogatory.  Further, the Plaintiff should be in possession of this information.  Nonetheless, this request will be supplemented in the near future.

***DISCUSSION:***  The "final annual premium" is a compilation of several figures which must take into account losses, adjustments, and reconciliations.  The Liberty Companies are in the process of compiling these figures and request another 14 days in which to do so.

**INTERROGATORY NO. 38:**  If you denied Request No. 8 in the Plaintiff's First Set of Requests for Admission to Defendants, regarding whether the Liberty Companies calculated the bonus or penalty under the Partnership Agreement to the Republic Workers Compensation Program for each such period set forth in the partnership Agreement, then identify with specificity which, if any, periods the Liberty Companies made any such bonus/penalty calculations and state and describe the processes, procedures or protocols used or utilized by the Liberty Companies in making those bonus/penalty calculations.

**ANSWER:**  The Liberty Companies made bonus/penalty calculations on January 14, 2002 (later revised on January 17, 2002 because a change in audited workers compensation payroll), January 13, 2003 and January 30, 2004.  With regard to the processes employed to complete the calculations, such can be described as follows:

a. The Liberty Companies generated a RISKTRAC report identifying paid losses at each of the three periods;

b. The Liberty Companies multiplied paid loss by the appropriate contractually agreed upon paid to ultimate development factor in order to determine "projected ultimate paid losses;"

c. The Liberty companies divided "projected ultimate paid losses" by audited payroll and then multiplied by $100 to determine the "projected ultimate paid loss rate." This is a rate of loss per $100 of payroll;

d. The Liberty Companies compared the "projected ultimate paid loss rate" to the contractually agreed upon guaranteed rate; and

e. The Liberty Companies calculated the bonus /penalty by subtracting the "projected ultimate paid loss rate" from the lower bound of the neutral range, dividing such figure by 100 and multiplying it by 20% which was the contractually agreed upon bonus percentage.

**DISCUSSION:**  This interrogatory was fully answered by the Liberty Companies.

### D.    The Liberty Companies' Responses To RSI's First And Second Set of Requests For Admissions Are Complete

The Liberty Companies' Responses to RSI's First and Second Set of Requests for Admissions do not require supplementation.  The Liberty Companies have either admitted, denied or stated that they do not have sufficient information to admit or deny each of RSI's 17 Requests for Admissions.  Accordingly, the Liberty Companies' responses comply with Rule 36.

RSI contends that the Liberty Companies must specifically supplement their response to Request No. 2.  RSI asks the Liberty Companies, in Request No. 2, to "[a]dmit that as of November 25, 2003, Republic incurred approximately $54.1 million in costs under the Republic Workers' Compensation Program."  Contrary to RSI's characterization of the Liberty Companies' response, the Liberty Companies did not state that the requested information was available as of December 1, 2003.  Instead, the Liberty Companies asserted legitimate objections to RSI's request including that the request is vague and ambiguous in that it does not define the term "costs."  Without waiving its objections, the Liberty Companies denied the request.

According to Rule 36, the Liberty Companies are simply required to admit, deny or state that they do not have sufficient information to admit or deny the request. The Liberty Companies complied with their duty pursuant to Rule 36 and therefore, this Court should deny RSI's Motions to Compel

### E. The Liberty Companies' Response To Request For Admission No. 7 Is Complete

RSI's Request for Admission No. 7 asks the Liberty Companies to:

> [a]dmit that all documents identified as Bates Stamp Nos. 001-0000001 [to] 024-00071156 with regard to Open Claims files and Bates Stamp Nos. 001-0000001 to 039-009677 (sic) with regard to the Closed Claims files represent the original, true, complete and accurate paper/physical records prepared and/or maintained by claims adjusters of the Liberty Companies for, or in connection with, the claims handling, administration, management and adjusting of the Claims by the Liberty Companies.

In response, the Liberty Companies asserted the following:

> Objection. This request is vague and ambiguous as written as it does not define the phrases "complete", "open claims files" and "closed claims files." Further, these phrases are not defined within the Definitions and Instructions section of the Plaintiff's First Set of Requests for Admissions. Without waiving these objections, the referenced documents represent files currently available to the Liberty Companies which relate to both closed and pending claims brought by injured workers of Republic Services, Inc. Further, the referenced files are not necessarily complete because some of the files cannot be located or are not accessible as previously discussed by and between Republic Services, Inc. and Liberty Companies. Without waiving these objections, the complete paper files in the possession of Liberty Mutual claims adjusters for the claims files requested by Republic Services, Inc. have been made available, as has RISKTRAC and copies of BOCOMP.

In essence, RSI asked the Liberty Companies to admit that the approximately 170,000 pages of open and closed claim files it produced represent every single page in the possession, custody or control of the Liberty Companies relating to the claim files at issue in this case. The Liberty Companies handled claims for RSI in 33 offices in 23 states. In this case alone, the Liberty Companies produced over 740 claims files. The Liberty Companies cannot possibly

guarantee that they have located and produced every single page. They can, however, represent that they have produced every page of every file they have been able to find and that is exactly what they did in their response to Request for Admission No. 7.

The Liberty Companies' response to Request for Admission No. 7 complies wholly with the requirements of Rule 36. Accordingly, this Court should deny RSI's Motion to compel. It appears, however, that RSI's issue with the Liberty Companies' response is the lack of the words "admit" or "deny" in the Liberty Companies' response. Therefore, the Liberty Companies agrees to serve an amended response that states the following:

> Objection. This request is vague and ambiguous as written as it does not define the phrases "complete", "open claims files" and "closed claims files." Further, these phrases are not defined within the Definitions and Instructions section of the Plaintiff's First Set of Requests for Admissions. Without waiving these objections, the Liberty Companies admit that the referenced documents represent files currently available to the Liberty Companies which relate to both closed and pending claims brought by injured workers of Republic Services, Inc. Further, the referenced files are not necessarily complete because some of the files cannot be located or are not accessible as previously discussed by and between Republic Services, Inc. and Liberty Companies. Without waiving these objections, the Liberty Companies admit that complete paper files in the possession of Liberty Mutual claims adjusters for the claims files requested by Republic Services, Inc. have been made available, as has RISKTRAC and copies of BOCOMP.

## F.     The Liberty Companies Are Providing An Updated And Complete Privilege Log

While the Liberty Companies' counsel was in Texas preparing their employees for their depositions, the Liberty Companies provided a privilege log with its production of over 58,000 documents in December of 2005. Plaintiff has complained that the privilege log does not contain sufficient detail. The Liberty Companies will provide RSI a more detailed privilege log concurrent with this Response.

## G.     The Liberty Companies Have Agreed In Principle To An Amended Scheduling Order

The Liberty Companies agree with Plaintiff that due to the massive scope of this

litigation, the parties should propose an Amended Scheduling Order to the Court. In view of the length of time the depositions of Liberty Mutual employees have taken, counsel for the Liberty Companies propose to meet with counsel for RSI to discuss a proposed Scheduling Order, since that which was proposed by RSI in October is no longer workable. Counsel for the Liberty Companies are available to meet with RSI's counsel to discuss a proposed Amended Scheduling Order. The undersigned will be in contact with RSI's counsel regarding such a meeting.

## V.    **CONCLUSION**

For all of the reasons stated above, the Liberty Companies respectfully submit that Plaintiff's Motions to Compel should be denied. If the Court chooses not to deny all of the motions, the Liberty Companies propose a telephonic or in-chambers conference with Magistrate Judge James Todd to discuss these discovery issues, a step dictated by the Court's Order, but omitted by Plaintiff.

Respectfully submitted,

J. Clarke Keller, Esq.
Gregory P. Parsons, Esq.
Stites & Harbison, PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507
COUNSEL FOR DEFENDANTS,
THE LIBERTY COMPANIES

This is to certify that a true and accurate
copy of the foregoing was served by
United States Mail, postage prepaid, to:

Brent L. Caldwell, Esq.
Robert E. Maclin, III, Esq.
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 East Main Street, Suite 1000
Lexington, Kentucky 40507
COUNSEL FOR PLAINTIFF,
REPUBLIC SERVICES, INC.

on this the ___8th___ day of ___February___, 2006.

Attorney for Defendants