Eastern District of Kentucky
**FILED**
FEB 1 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 03-494-KSF

REPUBLIC SERVICES, INC.                                                      PLAINTIFF

V.                                   **OPINION & ORDER**

LIBERTY MUTUAL INSURANCE                                                  DEFENDANTS
COMPANY, ET AL.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on defendants' motion to dismiss for failure to state a claim and motion to dismiss for failure to plead fraud with specificity [DE #38]. Having been fully briefed, this matter is ripe for review.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, Republic Services, Inc. asserts that it instituted this lawsuit because Defendants, Liberty Mutual Insurance Company, Liberty Insurance Acquisition Corporation f/k/a Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, the First Liberty Insurance Corporation, and Helmsman Management Corporation, Inc. (the "Liberty Companies"), collectively failed to properly handle, administer and manage Republic's self-insured workers compensation program. Republic states that the Liberty Companies made representations and assumed certain common law and contractual duties pertaining to their administration of Republic's workers compensation program. Republic seeks to recover from the Liberty Companies damages sustained as a result of the Liberty Companies' failure to properly

administer the workers compensation program.

Count Eight of Republic's First Amended Complaint (the "Complaint") alleges that the Defendants fraudulently misrepresented the way in which they would handle, administer and manage the workers compensation program. Defendants argue that Count Eight of Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted and/or Plaintiff has failed to plead fraud and misrepresentation with particularity.

## II. ANALYSIS

### A. Failure to Plead Fraud with Specificity

Defendants first argue that Count Eight of the Complaint does not include any specific information, such as the nature, time, place, author or contents, surrounding the false representations allegedly made by Defendants. In complying with Rule 9(b), a plaintiff, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993). Essentially, a complaint should provide fair notice to the defendants and enable them to "prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir.1999) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir.1988)).

Count Eight of the Complaint includes four paragraphs that set out the elements of fraud and intentional or negligent misrepresentation. The first paragraph, paragraph 92 of the Complaint, alleges that the Liberty Companies made materially false misrepresentations regarding their workers compensation claims handling practices, procedures and guidelines by which they

would handle, administer and manage Plaintiff's workers compensation program. Paragraph 92 also references paragraph 67 of the Complaint which lists the contractual duties and obligations that the Liberty Companies owed to Plaintiff. For example, paragraph 67 states that the Liberty Companies were contractually obligated to: "properly handle, administer and manage the Workers Compensation Program" and "properly manage and distribute funds entrusted to the Liberty Companies under the Workers Compensation Program". In paragraph 92, Plaintiff claims that Defendants made misrepresentations to Plaintiff about those duties and obligations.

Paragraphs 93-95 of the Complaint state that Defendants knowingly, intentionally, recklessly or negligently made these misrepresentations, they were made with inducement to be acted upon and that Plaintiff did act in reliance on the misrepresentations. Finally, paragraph 96 states the injuries suffered by Plaintiff.

First, Republic states that the "times" of the misrepresentations have been alleged because the Complaint states that the misrepresentations occurred during the three one-year periods governed by the contractual relationship between Plaintiff and Defendants. *See Kukuk v. Fredal*, 2001 WL 1218557, *5 (E.D. Mich. 2001) (holding that where plaintiffs alleged the years of the misrepresentations, along with the occurrence of the fraudulent scheme, they sufficiently set forth a time period in which the alleged misrepresentations took place). *See also Dunham v. Independence Bank of Chicago*, 629 F.Supp. 983, 987 (N.D. Ill. 1986) ("range of dates" sufficient); *Track Microcomputer Corp. v. Wearne Bros.*, 628 F.Supp. 1089, 1092 (N.D.Ill. 1985) ("general time period" sufficient); *Onesti v. Thomson McKinnon Securities, Inc.*, 619 F.Supp. 1262, 1265 (N.D.Ill. 1985). Second, Republic asserts that it has sufficiently alleged the "place" of the misrepresentations by pleading the various documents and communications surrounding the

3

formation and commencement of the contractual relationship.

Third, Plaintiff states that the "content" of the misrepresentations were stated in paragraph 67 of the Complaint. However, neither paragraph 67 nor paragraph 92 specifically lists what misrepresentations the Liberty Companies made to Plaintiff about the contractual obligations listed in paragraph 67 of the Complaint. Even though Republic contends that Defendants made misrepresentations about their contractual obligations, the Complaint fails to actually state any of the actual misrepresentations that were allegedly made.

Defendants also contend that even if Plaintiff did meet these minimum requirements, they failed to specify which Defendants made each of these alleged misrepresentations. A complaint "may not rely upon blanket references to acts or omissions by all of the 'defendants,' for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634 (6th Cir. 2003) (quoting *Benoay v. Decker*, 517 F.Supp. 490, 493 (E.D.Mich.1981) (internal quotation marks and citations omitted), *aff'd*, 735 F.2d 1363 (6th Cir.1984)). Since there are multiple defendants in this case, Republic should have also alleged which party made these misrepresentations. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 564 (6th Cir. 2003) (recognizing that a party must identify specific parties, contracts, or fraudulent acts).

Republic's complaint did not actually state any of Defendants' alleged misrepresentations nor did the complaint state which defendant made these misrepresentations, therefore, it appears that Plaintiff failed to plead fraud and misrepresentation with particularity. However, the proper remedy would not be dismissal of Republic's claim. Instead, Republic should be given the

4

opportunity to amend its complaint. *See Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) ("Nonetheless, despite the plaintiffs' failure to satisfy the requirements of Rule 9(b), in the absence of defendants' motion for more definite statement under Rule 12(e), dismissal on this basis alone would not be appropriate."); *see also EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir.1993) ("[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Based on the foregoing, the Court will not dismiss Plaintiff's claim. Instead, the Plaintiff may file an amended complaint alleging the actual misrepresentations made by the Liberty Companies and which party made these misrepresentations.

**B.     Failure to State a Claim**

Defendants also contend that Count Eight should be dismissed because Plaintiff's claims of fraud and misrepresentation are not viable since they are based on promises of future conduct and results, not on statements relating to past or existing events. Defendants cite to *Hunt Enter., Inc. v. John Deere Industrial Equip.*, 18 F.Supp.2d 697, 702 (W.D. Ky. 1997) for the proposition that fraud and misrepresentation must relate to a past or present material fact which is likely to affect the conduct of a reasonable man and be an inducement of the contract.

However, in paragraph 94 of Plaintiff's Complaint, it states that the Liberty Companies "made these misrepresentations to induce Republic to retain the Liberty Companies to handle, administer and manage the Workers Compensation Program for Republic." In addition to the portion of *Hunt* cited by Defendants, *Hunt* also states, "In Kentucky, a statement as to future conduct may only form the basis for a misrepresentation claim if it is made to induce the other party to enter into the contract." *Id.* at 702.

5

In *Schroerlucke v. Hal*, 249 S.W.2d 130 (Ky. 1952), a case cited in *Hunt* and also cited in Defendants' brief, the Kentucky Supreme Court stated that the general rule is that fraud must relate to a present or a pre-existing fact and cannot be predicated on statements of a promissory nature. *Id.* at 131. However, *Shroerlucke* recognized an exception to this general rule: "The weight of authority holds that fraud may be predicated on promises made without an intention of performance, the gist of which lies not in the breach of the agreement, but in the false representation of an existing intention to do certain things, made for the purpose of inducing another to enter into a contractual relation with him." *Id.* at 131.

Although Plaintiff does not mention this exception to the general rule, the cases cited by Defendants clearly allow claims of fraud or misrepresentation to be based on statements as to future conduct if they were made to induce another party to enter into a contract. Since Plaintiff's complaint alleges that the Liberty Companies made these misrepresentations to induce Plaintiff to retain Defendants to handle its workers compensation program, this is the type of case which would fall into the exception. Thus, the Court will deny Defendants' motion to dismiss for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the defendants' motion to dismiss for failure to state a claim and motion to dismiss for failure to plead fraud with specificity [DE #38 ] is DENIED;

(2) within fifteen (15) days of the date of entry of this Order, the plaintiff may file an amended complaint in accordance with this opinion and order; and

(3) within fifteen (15) days of the date of entry of plaintiff's amended complaint, defendant may file an answer; in the alternative, if plaintiff fails to file an amended complaint, defendant may file a motion to dismiss.

This 13th day of February, 2006.

*KSF*

KARL S. FORESTER, SENIOR JUDGE