Eastern District of Kentucky
FILED
MAR 2 4 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 03-494-KSF

REPUBLIC SERVICES, INC., PLAINTIFF

V. **MEMORANDUM OPINION AND ORDER**

LIBERTY MUTUAL
INSURANCE COMPANIES, ET AL., DEFENDANTS

* * * * * * * * * *

## I. INTRODUCTION

For the period of time at issue herein, defendants handled, managed, and adjusted workers' compensation claims filed by employees of plaintiff or its subsidiaries. On November 10, 2003, plaintiff filed this action in Jessamine Circuit Court against defendants Liberty Mutual Insurance Company, Liberty Insurance Acquisition Corporation f/k/a Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation, and Helmsman Management Services, Inc. (hereafter collectively referred to as "Liberty Mutual"), alleging breach of contract and breach of fiduciary duty concerning a contractual relationship (the "Workers' Compensation Program") that began in July 1998.[1] Plaintiff also seeks injunctive relief.

Plaintiff Republic Services, Inc. (hereafter "Republic") is a holding company for numerous subsidiary corporations, limited liability companies, and limited partnerships (hereafter "the Republic Companies"), including Republic Services of Kentucky, LLC, a Kentucky limited liability company which operates and does business in Jessamine County, Kentucky. The Republic Companies are residential and commercial waste haulers and owners and operators of landfill and waste disposal facilities; they service customers in Kentucky and in approximately twenty-one (21) other states in the United States. The Republic Companies have employees who have filed workers' compensation claims against them.

---

[1] On November 12, 2003, defendants removed this action from Jessamine Circuit Court.

On or about July 1, 1998, Republic and the Republic Companies entered into a one-year contract with Liberty Mutual which Republic identifies as "the Workers Compensation Program," wherein Liberty Mutual agreed to service the Republic Companies' workers' compensation claims for the period from July 1, 1998 to June 30, 1999. The parties subsequently entered into a one-year contract wherein Liberty Mutual agreed to service the Republic Companies' workers' compensation claims for the period from July 1, 1999 to June 30, 2000, and another one-year contract concerning workers' compensation claims for the period from July 1, 2000 to June 30, 2001. Republic states that during this three-year contractual period, Liberty Mutual occupied the role of an "excess insurance carrier" and claims administrator, with Helmsman providing managed care services in conjunction with the Workers' Compensation Program.

Republic states that during the policy terms of July 1998 until June 2001, the Republic Companies were severally named as defendants in approximately 7,740 workers' compensation claims proceedings brought by various employees of the Republic Companies (hereafter the "Republic Claims") in Kentucky and other states and that approximately 212 of the Republic Claims files remain open. Additionally, Republic states that it and the Republic Companies remain subject to additional future liability on the approximately 7,528 closed files, which may be "re-opened" by reason of certain subsequent events affecting previously-compensated, work-related injuries to employees of the Republic Companies.

In Count I of the complaint, Republic asserts that Liberty Mutual has not permitted it access to the Republic Claims files for purposes of auditing said files and that such act is a breach of Liberty Mutual's contractual and common law duties to Republic and the Republic Companies to allow access to information owned by, and gathered and prepared for, Republic and the Republic Companies.

In Count II of the complaint, plaintiff asserts that Liberty Mutual has breached its fiduciary duties to Republic and to the Republic Companies by refusing to make all files on the Republic Claims available to Republic for auditing, inspection and review; by failing to properly evaluate the

Republic Claims and to set appropriate file reserves therefor; and by exposing Republic and the Republic Companies to potential liability for violations of state unfair claims settlement practices statutes, and for the failure of Republic to make complete and accurate disclosures of the workers' compensation liabilities of Republic and the Republic Companies pursuant to the federal securities laws, including the Sarbanes-Oxley Act.

In Count III of the complaint, plaintiff seeks injunctive relief.

On June 9, 2005, Liberty Mutual filed a counterclaim seeking a declaratory judgment that (a) the contract between the parties relating to the Workers' Compensation Program does not include additional documents referred to as "Special Service Instructions" and "Minimum Customer Requirements," (b) it has the right to settle workers' compensation claims asserted against Republic during the policy years without obtaining Republic's prior consent or authorization to settle any claim, and (c) the 2000 Workers' Compensation Partnership Agreement dated September 6, 2000, established liquidated damages to which Republic would be entitled in the event Liberty Mutual managed the workers' compensation claims such that the loss rate was higher than the neutral range.

Subsequently, on October 11, 2005, Republic filed a First Amended Complaint against Liberty Mutual, wherein it asserted claims for breach of contract, negligence, breach of implied duty of good faith and fair dealings/bad faith, breach of fiduciary duty, fraud and/or intentional misrepresentation and/or negligent misrepresentation, unjust enrichment, indemnity-payments exceeding self-retention limits, indemnity-excessive "bonus" payments under partnership agreement, and punitive damages against Liberty Mutual. Republic seeks compensatory damages, punitive damages, costs, and attorney's fees.

## II. THE DISCOVERY DISPUTE

This matter is before the court on Republic's motion to compel discovery from Liberty Mutual [DE #51], which has been fully briefed and was heard in open court on March 14, 2006.[2]

---

[2] Pursuant to numerical paragraph 13 of the district court's Scheduling Order entered
(continued...)

In support of its motion to compel, Republic contends that Liberty Mutual's responses to various discovery requests are inadequate. On the other hand, Liberty Mutual objects to Republic's motion to compel, asserting that it has adequately and fully responded to the discovery requests in dispute and/or that some of the disputed discovery requests are overly broad and unduly burdensome and/or that Republic is already in possession of the information it is requesting.

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." Each component of Republic's motion to compel discovery is considered below, in seriatim.

**A. Motion to compel Liberty Mutual to provide fully complete, responsive, written and verified responses to Republic's first and second sets of Requests for Production of Documents, and written verification of their responses to Republic's first and second sets of Requests for Admissions.**

In its reply to Liberty Mutual's response to this portion of Republic's motion to compel discovery, Republic advised the court that it is satisfied with Liberty Mutual's response to its motion to compel, which renders moot this component of Republic's motion to compel discovery from Liberty Mutual.

**B. Motion to compel Liberty Mutual to produce certain claims files pursuant to Republic's First Set of Requests for Production of Documents to Liberty Mutual.**

In its reply concerning this motion to compel, Republic advised that although Liberty Mutual produced additional claims files materials on February 21, 2006, there are still some claims files that have not been produced, viz., Greg Wilkinson (claim no. 413197950), Christopher Petersen (claim no. 390052429), and James Allen (claim no. 471468689). At the hearing on March 14, 2006, Liberty Mutual provided the court with an updated report as to the status of various missing claims files, as follows:

---

(...continued)
herein on March 11, 2005, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #22].

(1) the Jeremy Coleman and James Allen (claim no. 471468689) files have been produced; however, since Republic represents that it has been unable to locate these two files among the claims files produced, Liberty Mutual will provide to Republic, at Republic's expense, another copy of the Jeremy Coleman and James Allen claims files;

(2) the Christopher Petersen and George Owens claims files have been located and will be produced; and,

(3) Liberty Mutual is still looking for the Bruce Ethridge and Michael Kendall claims files; once these files have been located, they will be provided to Republic.

Republic's motion to compel will be granted to the extent of those claims files which Liberty Mutual says it has been unable to locate; however, if Liberty Mutual is unable to locate these files, it cannot produce them. Thus, Liberty Mutual is directed to continue to search for the claims files Republic has requested and to provide same to Republic if and when they are located.

**C. Motion to compel Liberty Mutual to provide supplemental and fully responsive answers to Republic's First and Second Sets of Interrogatories to Defendants.**

The Interrogatories that were the subject to this motion to compel are Interrogatory Nos. 1, 2, 20, 23, 35, 37, and 38.

At the hearing on March 14, 2006, Republic advised that this motion to compel had been partially resolved in that Liberty Mutual had provided supplemental answers to Interrogatory Nos. 1, 2, 23, and 38; however, Republic still seeks supplemental answers to Interrogatory Nos. 20, 35, and 37.

The remaining Interrogatories at issue and Liberty Mutual's answers thereto are set out below:

> **INTERROGATORY NO. 20:** For each affirmative defense, asserted by the Liberty Companies in response to Republic's claims in this litigation state/identify:
>
> > (a) The name, address, and telephone number of each and every witness whom the Liberty Companies contends has knowledge or facts concerning the basis of each affirmative defense;

> (b) Each and every document or other tangible piece of evidence upon which the Liberty Companies intend to rely in support of each and every affirmative defense; and
>
> (c) The factual basis of each and every defense upon which the Liberty Companies intend to rely.

> **ANSWER:** Objection. This interrogatory seeks information which is protected by the work-product doctrine. Specifically, this interrogatory seeks to discover the Liberty Companies' theory of the case and their litigation strategy. With regard to the identity of witnesses and documents which may support the Liberty Companies' defenses, discovery is just beginning as and [sic] the first depositions have not been taken. Further, the Liberty Companies refer to previously exchanged Fed.R.Civ.P. 26(a)(1) disclosures as well [as] all documents exchanged to date. With regard to exhibits which the Liberty Companies may introduce at trial, this request will be supplemented in compliance with any pretrial order. Further, with regard to witnesses which the Liberty Companies may call at the trial of this case, this request will be supplemented in compliance with any pretrial order.

In opposing Republic's motion to compel a supplemental answer to this interrogatory, Liberty Mutual asserts that this interrogatory seeks much more than the factual basis for its defenses and that it seeks its future litigation strategy, which is protected by the work-product doctrine. More particularly, Liberty submits that paragraphs (b) and (c) seek the disclosure of facts and information on which it "intends to rely," which is trial strategy information that has not yet been developed, but would be exempt from disclosure even if it had been developed. Liberty also contends that this interrogatory as phrased qualifies as discovery abuse. As to paragraphs (a) and (b) of this interrogatory, Liberty advises that such information is contained within its Rule 26(a)(1) disclosures, as well as the thousands of documents produced to date.

Having heard argument of counsel on this matter, Republic's motion to compel will be denied in part and granted in part, to the extent that Liberty is directed to supplement its answer to this interrogatory by disclosing any of the witnesses known to it at this time.

> **INTERROGATORY NO. 35:** If the Liberty Companies' Response to any of the Requests for Admission set forth in the Plaintiff's First Set of Requests for Admission to Defendants is anything other than a unqualified and complete admission, state in detail the basis for each such denial.
>
> **ANSWER:** Objection. This interrogatory is asking The Liberty Companies to prove a negative. Without waiving this objection, please see the Liberty Companies' responses to individual requests for admissions tendered by the Plaintiff.

In opposing Republic's motion to compel a supplemental answer to this interrogatory, Liberty Mutual explains that in the event any Request for Admission ("RFA") contained an inaccurate statement, it denied the statement; thus, the factual basis for all denials was the lack of accuracy in Republic's statements contained in the RFAs. Liberty Mutual also states that several RFAs were inherently vague as written or unsuitably requested Liberty Mutual to admit "general acceptance."

Having heard argument of counsel on this matter, and having further considered this matter, Republic's motion to compel will be denied. Liberty Mutual need not supplement its answer to this interrogatory.

> **INTERROGATORY NO. 37:** (a) State the final annual premium charged by the Liberty Companies to Republic under the Republic Workers Compensation Program for each of the contract periods commencing on July 1, 1998, July 1, 1999, and July 1, 2000; (b) state the factual basis therefor; and (c) describe the process, procedure, calculations and any documents relied upon in calculating each such premium.
>
> **ANSWER:** The Liberty Companies are in the process of compiling information responsive to this Interrogatory. Further the Plaintiff should be in possession of this information. Nonetheless, this request will be supplemented in the near future.

In its response to Republic's motion to compel a supplemental answer to this interrogatory, Liberty Mutual states: "The final annual premium is a compilation of several figures which must take into account losses, adjustments, and reconciliations. The Liberty Companies are in the process of compiling these figures and request another 14 days in which to do so." The Liberty Companies' Response to Plaintiff's Motions to Compel, p. 18 - DE #53.

The civil minutes from the hearing reflect that Republic's motion to compel as to Interrogatory No. 37 was granted and that Liberty Mutual was directed to supplement its answer to this interrogatory.

**D. Motion to compel Liberty Mutual to provide supplemental responses to Republic's First and Second Sets of Requests for Admissions.**

In its reply to Liberty Mutual's response to this portion of Republic's motion to compel discovery, Republic advised the court that it is satisfied with Liberty Mutual's representation made

in responding to its motion to compel that it has fully denied this Request. Thus, this portion of Republic's motion to compel discovery from Liberty Mutual has been rendered moot.

**E. Motion to compel Liberty Mutual to admit or deny Request for Admission No. 7, or to state that Liberty Mutual has made reasonable inquiry and that the information is insufficient to enable it to admit or deny this Request.**

In its reply to Liberty Mutual's response to this portion of Republic's motion to compel discovery, Republic advised the court that Liberty Mutual has supplemented its response to RFA No. 7; therefore, Republic's motion to compel as it pertains to RFA No. 7 has been rendered moot.

**F. Motion to compel Liberty Mutual to provide an updated, complete and detailed privilege log.**

In its reply to Liberty Mutual's response to this portion of Republic's motion to compel discovery, Republic advised the court that on February 9, 2006, Liberty Mutual provided it with an updated Privilege Log, which it is in the process of reviewing. Thus, this portion of Republic's motion to compel discovery from Liberty Mutual has been rendered moot, pending Republic's review of Liberty Mutual's updated Privilege Log.

**G. Motion to compel Liberty Mutual to agree to an amended scheduling order.**

In its reply to Liberty Mutual's response to this portion of Republic's motion to compel discovery, Republic advised the court on February 17, 2006, Liberty Mutual's counsel met with Republic's counsel regarding proposed amended scheduling and that counsel for both parties are currently working towards a draft of a proposed Agreed Amended Scheduling Order to submit to the court for consideration. Therefore, this portion of Republic's motion to compel has become moot.

Accordingly, **IT IS HEREBY ORDERED** that Republic's motion to compel discovery from Liberty Mutual [DE #51] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Republic's motion to compel Liberty Mutual to provide fully complete, responsive, written and verified responses to Republic's first and second sets of Requests for Production of Documents, and written verification of their responses to Republic's first and second sets of Requests for Admissions is **DENIED AS MOOT**.

2. Republic's motion to compel to production of certain claims files is **GRANTED** to the extent of those claims files which Liberty Mutual says it has been unable to locate; however, if Liberty Mutual is unable to locate these files, it cannot produce them. Thus, Liberty Mutual is directed to continue to search for the claims files Republic has requested and to provide same to Republic if and when they are located.

3. Republic's motion to compel Liberty Mutual to provide supplemental and fully responsive answers to Republic's First and Second Sets of Interrogatories to Defendants is **GRANTED IN PART** and **DENIED IN PART** as to Interrogatory No. 20, is **DENIED** as to Interrogatory No. 35, and is **GRANTED** as to Interrogatory No. 37, as follows:

(a) Liberty Mutual is given fifteen (15) days from the date of this Order in which to supplement its answer to Interrogatory No. 20 by disclosing any of the witnesses known to it at this time.

(b) Liberty Mutual is given fifteen (15) days from the date of this Order in which to supplement its answer to Interrogatory No. 37.

4. Republic's motion to compel Liberty Mutual to provide supplemental responses to Republic's First and Second Sets of Requests for Admissions is **DENIED AS MOOT**.

5. Republic's motion to compel Liberty Mutual to admit or deny Request for Admission No. 7, or to state that Liberty Mutual has made reasonable inquiry and that the information is insufficient to enable it to admit or deny this Request is **DENIED AS MOOT**.

6. Republic's motion to compel Liberty Mutual to provide an updated, complete and detailed privilege log is **DENIED AS MOOT**.

7. Republic's motion to compel Liberty Mutual to agree to an amended scheduling order is **DENIED AS MOOT**.

This 24th day of March, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE