

April 25, 2006

J. Clarke Keller
Stites & Harbison
Attorneys at Law
2300 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507-1758

  Re: *Republic Services Inc. v. Liberty Mutual Insurance Company Et. Al.*
    *Case No. 2:05-cv-914 (FSH) (PS)*

Dear Mr. Keller:

This is the report of my opinions following the review of the Expert Reports of Plaintiff, Republic Services Inc. My opinions are based on my training, background and experience for the past thirty-three years of workers' compensation claim management.

My opinions are based on the information that I have been provided. This report is subject to revision upon review of any further expert report that the opposing party may file with the Court.

Pursuant to the requirements of the provisions of Rule 26, attached are the following:

  Tab 1: Report of Findings in response to RSI auditor, Thomas L. Ballard
  Tab 2: Report of Findings in response to RSI expert, David W. O'Brien
  Tab 3: Exhibit A - Vitae of Doug McCoy
  Tab 4: Exhibit B - List of past cases involving testimony at trial or deposition
  Tab 5: Exhibit C - Statement of charges for this case
  Tab 6: Exhibit D - List of claims reviewed – descending by amount disallowed
  Tab 7: Exhibit E - List of claims with delay in reporting by RSI
  Tab 8: Index

Please advise if you require any further information.

Very truly yours,

Doug McCoy
LPCS, CWCP, WCCLA, FCLA, SCLA

Exhibit U

## Conclusion

The RSI audit report concluded with the following:

*"Because files continued to be reviewed, the Audit should not be considered to be complete. However, having reviewed 292 Claims Files in depth at this juncture, it is clear that the failures of the Liberty Companies to conform to the SSI Practices and Procedures are pervasive. Based on the two phases of the in depth file review and based on the failures of the Liberty Companies to comply with the SSI, as set forth above, for each claim reviewed I established the point in time or identified an occurrence (specific to each claim) at which the file, if properly handled, administered and managed, would not have resulted in the Liberty Companies incurring any further/inappropriate/unnecessary costs on Republic's behalf. Each of these dates for the files examined is as set forth in **Appendix H**. This information was also provided to Snoddy Consulting, Inc. for purposes of their analysis.*

*Out of the 292 files reviewed to date, 290 failed, containing 2523 violations. Chief among these were:*

- *Repeated and systematic instances of failure to conduct timely investigations.*

- *Repeated and systematic instances of failure to contact the injured employee within the timeframe required and agreed to by the Liberty Companies and Republic. This includes the Liberty Companies' own 24/48/48 hour contact standard, which was routinely not followed.*

- *Repeated and systematic failure to resolve claims in a timely manner. The Audit review indicated that in many files, months went by without any activity. Authority to settle claims, once granted, was not acted on, resulting in claims life being extended and costing Republic additional monies.*

- *Repeated and systematic failure to respond to claims correspondence in a timely manner. Offers to settle claims went unanswered for months. Delays in medical and/or indemnity payments resulted in orders to pay from state regulatory bodies, and in penalties being assessed against the Liberty Companies and ultimately charged to Republic, in violation of the parties' agreement.*

- *Repeated and systematic failure to document the claims file as required, regarding how the claim is being managed. Also noted were lack of making settlement offers or denying claims, pushing for board involvement, and timely ultimate resolutions of claims.*

- *Repeated and systematic failure to handle claims in accordance with policy provisions and applicable standards, statutes, rules, regulations, and the contracts with Republic. The Audit review indicated there were settlement payments made which were considerably in excess of settlement authority, without approval from, or sometimes even notice to, Republic. Claim files were not referred to defense attorneys*

*selected by Republic, in some case even after directives from Republic about counsel to be used. In some cases, advances against settlements or other payments to the claimant were sent with no written agreement. In a number of these cases, the claimant later re-opened the claim, resulting in increased costs by reason of additional payments to the claimant.*

- *Repeated and systematic failure to reserve losses to reflect Republic's exposure. While files were reserved, in many instances they were under-reserved until the file came close to settlement or review by Liberty Companies' home office management. In many cases, a reserve was set which would have been adequate assuming Republic had exposure, but no determination had been made regarding liability.*

- *Repeated and systematic failures to collect subrogation funds recoverable based on the liability of a third party, including numerous failures to file suits within the statute of limitations.*

- *Repeated and systematic overpayment of claims, or duplicate payment of claims.*

*My conclusions set forth herein are based on my review of RISKTRAC and the Paper Claims Files. While the SSI clearly provide that "All activity must be documented in the file or the computer, If it is not documented it is understood not to have happened", I specifically note that both the RISKTRAC files and the Paper Claims Files are incomplete, and that many documents are clearly missing from each file. Accordingly, should additional information be provided which would impact on my findings and conclusions, I reserve the right to consider any such information and will advise you of any changes to the findings and conclusions in this report."*

The RSI auditor's conclusions are impossible to objectively quantify, other than his assertion that contact of 24/48/48 not being made. In many instances he is not correct. In other instances contact with the employee was not possible due to attorney representation or hospitalization.

Contact within a set period of time is easy to quantify. In the claim management industry, we believe that early contact will result in a better outcome, however this is not easily quantified. For instance we know that making 24 hour contact will not insure a better outcome any more than the failure to make 24 hour contact will result in a poor outcome.

In this instance McCoy Consulting, Inc. was able to identify 251 of the files in which the dates the claims were reported to Liberty Mutual by RSI was noted. (See Exhibit E) This shows that the average time it took RSI to report the claim once they were aware of the accident was 13 days. The median time was 3 days. If RSI reports the claim 3 to 13 days after they were aware of an accident the effect of 24 or 48-hour contact is diminished.

**Exhibit U**
498

In addition the RSI auditor asserts, "Repeated and systematic failure to handle claims in accordance with policy provisions and applicable standards, statures, rules, regulations." McCoy Consulting, Inc. found that to the contrary, the RSI auditor is not familiar with applicable standards and specific statures, rules and regulations in the nineteen jurisdictions these files were handled in.

The individual response by McCoy Consulting, Inc. to the RSI auditor's comments on each file speaks for themselves. The RSI auditor failed to demonstrate knowledge of claim management in general and workers' compensation claim management specifically. Of the amount the RSI auditor disallowed, $16,209,342.20, McCoy Consulting, Inc. agrees with $77,768.82 (see Exhibit D).

In all cases McCoy Consulting, Inc. found that Liberty Mutual handled the claims reasonably and in good faith.

Exhibit U