Eastern District of Kentucky
FILED

OCT 0 2 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 03-494-KSF

REPUBLIC SERVICES, INC.                                                    PLAINTIFF

v.                                    **OPINION AND ORDER**

LIBERTY MUTUAL INSURANCE
CO., *et al.*                                                              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the plaintiff's motion for the Court to take judicial notice of the statistical sampling method employed and the results obtained by their expert witness, J.M. Levan, Ph.D. [DE 72]   In response, the defendants have filed a motion in limine to exclude any evidence of statistical sampling. [DE 84] These motions have been fully briefed and are ripe for review.

I.      **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of a contractual relationship between plaintiff Republic Services, Inc. ("Republic") and defendants Liberty Mutual Insurance Company, Liberty Insurance Acquisition Corporation *f/k/a* Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation and Helmsman Management Services, Inc. (collectively referred to as the "Liberty Companies").  Republic and the Liberty Companies entered into a contractual relationship (the "Workers' Compensation Program") beginning on July 1, 1998. At that time, the parties entered into a one year contract for the Liberty Companies to provide "large deductible workers' compensation insurance for the Republic

1

Companies, and claims administration for claims filed under those insurance coverages." The Workers Compensation Program was renewed by two subsequent annual policy contracts on July 1, 1999 and July 1, 2000, and ultimately expired on June 30, 2001.

Republic filed this action in November 2003 alleging that the Liberty Companies failed to properly and appropriately handle, administer and manage the Workers' Compensation Program. Overall, some 7,740 workers' compensation claims were handled by the Liberty Companies under the Workers' Compensation Program and are currently in dispute. These workers' compensation claims vary in scope and length and were filed in a total of 33 offices in 23 states.

## II.   REPUBLIC'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF THE STATISTICAL SAMPLING METHOD EMPLOYED AND THE RESULTS OBTAINED BY REPUBLIC'S EXPERT

Recognizing the time and expense that would be required to review and analyze all 7,740 claims, Republic has selected for review all claims having a total incurred cost of $7,500.00 or greater as of November 25, 2003. This amounts to 745 Claims Files. Because of the extremely burdensome nature of reviewing and analyzing in detail even these 745 Claims Files, Republic has retained Dr. Levan, an associate professor of mathematics and statistics at Transylvania University and chairman of the Department of Mathematics, to develop a generally accepted statistical procedure to randomly select a random sample of Claims Files.

Dr. Levan has developed the following statistical sampling approach. After dividing the 745 claims into three strata based on total incurred costs, and using the Random Sampling Method, sub-groups of each of the strata were randomly selected. Based on this random sample, 187 Claims Files were selected and subjected to a detailed audit and review by Republic's other experts, and those results were then extrapolated to the entire 745 Claims File population in order to ascertain (with

2

confidence intervals of both 90% and 95%) Republic's overall damages.

Republic now moves the Court to take judicial notice, pursuant to Rule 201 of the Federal

Rules of Evidence, that:

(1)     Dr. Levan is a qualified expert in this matter, and his expert report dated March 15, 2006 and supplemental expert report dated August 15, 2006 are admissible;

(2)     The Random Sampling Method developed by Dr. Levan is in conformity with, and valid under, generally accepted statistical, mathematical and other relevant procedures and principles; and

(3)     The random sample of 187 Claims Files identified using the Random Sampling Method . . . is a sufficient representative sample of the total population of 745 Claims Files for purposes of evaluating the conduct of the Liberty Companies in their handling, administration and management of claims made under the Workers' Compensation Program, and in conformity with generally accepted statistical, mathematical and other relevant procedures.

## III.    THE LIBERTY COMPANIES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATISTICAL SAMPLING

In response to Republic's motion, the Liberty Companies have filed their motion in limine

to exclude any evidence of statistical sampling and to prohibit adjudication of any disputed issue by

sample. In support of their motion, the Liberty Companies argue that claims costs vary greatly

depending on the type of worker injury, Republic's willingness to provide limited or light duty

accommodations, the worker's pay rate, the average cost of medical care during a particular year or

in a particular geographic area, whether the worker is physically capable of returning to work and

Republic's implementation of a safety program and return to work program. Additionally, the

Liberty Companies contend that claims costs are materially impacted by the state of injury and

applicable state workers compensation laws. According to the Liberty Companies, all of these

factors may differ among the 23 states at issue.

3

The Liberty Companies also argue that any attempt to adjudicate their conduct or award damages premised upon statistical sampling violates the Seventh Amendment and the Due Process Clause of the Constitution, and that none of the "facts" which Republic seeks the Court to take judicial notice of satisfy the requirements of Rule 201.

## IV. ANALYSIS

Clearly, this Court cannot individually adjudicate each of the Claims Files at issue in this litigation. Even the Liberty Companies admit in discovery responses that examination of each claim would be unduly burdensome. However, the Court declines at this time to take judicial notice of the qualifications of Republic's expert or the statistical sampling method employed and the results obtained therefrom at this juncture. Republic, as a plaintiff, is entitled to organize its proof at trial in any manner allowed by the Federal Rules of Evidence. The Liberty Companies may challenge the admissibility, methodology and qualifications of Republic's experts and the statistical sampling method employed and results obtained during cross-examination and during presentation of its defense. Accordingly, Republic's motion for the Court to take judicial notice will be denied without prejudice.

The Court agrees with Republic, however, that some form of statistical sampling will be necessary to resolve issues related to the Liberty Companies' liability and damages incurred by Republic. "The essence of the science of inferential statistics is that one may confidently draw inferences about the whole from a representative sample of the whole. The applicability of inferential statistics have long been recognized by the courts." *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1020 (5th Cir. 1997). *See, e.g., Castaneda v. Partida*, 430 U.S. 482 (1977)(using statistical data to prove discrimination in jury selection); *United States v. 449 Cases Containing Tomato*

4

*Paste,* 212 F.2d 567 (2nd Cir.1954)(approving inspector's testing of samples, rather than requiring the opening of all cases); Capaci v. Katz & Besthoff, Inc., 711 F.2d 647, 653-57 (5th Cir.1983)(using census data in gender discrimination case); *Exxon Corp. v. Texas Motor Exchange, Inc.,* 628 F.2d 500 (5th Cir.1980)(using statistical sampling in trademark infringement suit); *Ageloff v. Delta Airlines, Inc.,* 860 F.2d 379 (11th Cir.1988)(using evidence of life-expectancy tables to determine damages); *G.M. Brod & Co., Inc. v. U.S. Home Corp.,* 759 F.2d 1526, 1538-40 (11th Cir.1985)(using expert testimony as to profit projections based on industry norms); *Zippo Manufacturing Co. v. Rogers Imports, Inc.,* 216 F.Supp. 670 (S.D.N.Y. 1963)(survey data in trademark infringement case).

Reviewing the Liberty Companies' motion in limine to exclude any evidence of statistical sampling, the Court finds that the use of statistical sampling in this action would not violate the Liberty Companies' right to a trial by jury as guaranteed by the Seventh Amendment. In support of their motion, the Liberty Companies rely on *Cimino v. Raymark Industries, Inc.*, 151 F.3d 297 (5th Cir. 1998). The issue before the Court in *Cimino*, a class action involving a three phase trial on behalf of 3,031 individuals, later reduced to 2, 298 by settlement, severance or dismissal, was:

> [whether the District Court's] implemented trial plan include[d] a litigated determination, consistent with the Seventh Amendment, of the Texas-law mandated issues of whether, as to each individual plaintiff, [Defendant's] product was a cause of his complained-of condition and, if so, the damages that plaintiff suffered as a result.

*Cimino*, 151 F.3d at 314. The court concluded that because the case involved a class action, class members' individual claims for damages must be tried individually because "causation must be determined as to 'individuals, not groups,'" as required by Texas law. *Id.* at 319.

The case before the court, however, is not a class action but rather a single plaintiff with multiple claims against a small group of defendants. "To accept the defendants' contention that the

5

aggregation of Republic's claims violates the Seventh Amendment would require concluding that the Amendment establishes fixed limitations on the methods of proof a particular party may offer in support of its own claims." *See Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 113 F.Supp.2d 345, 376 (E.D.N.Y. 2000). Accordingly, the Court finds that the use of statistical sampling does not violate the Liberty Companies' right to trial by jury as guaranteed by the Seventh Amendment.

The Liberty Companies also argue that the use of statistical sampling would violate their due process rights because the methodology of Republic's expert is fundamentally flawed. Inasmuch as the Court has declined to take judicial notice of Republic's specific statistical sampling method and the results obtained therefrom, the Liberty Companies' due process objections are premature.

## V.   CONCLUSION

Accordingly, the Court being fully and sufficiently advised, hereby ORDERS:

(1)   Republic's motion for the Court to take judicial notice of the statistical sampling method employed and the results obtained by its expert [DE 72] IS DENIED WITHOUT PREJUDICE; and

(2)   the Liberty Companies' motion in limine to exclude evidence of statistical sampling [DE 84] is DENIED.

This the 2nd day of October, 2006.

KARL S. FORESTER, SENIOR JUDGE

6