UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
OCT 2 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 03-494-KSF

REPUBLIC SERVICES, INC.                                                          PLAINTIFF

v.                                   **OPINION & ORDER**

LIBERTY MUTUAL INSURANCE
CO., *et al.*                                                                     DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendants, Liberty Mutual Insurance Co, *et al.* ("the Liberty Companies), for partial summary judgment with regard to its handling of claims with no resulting damages. [DE #181] This matter has been fully briefed and is now ripe for review.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

This suit arises out of a contractual relationship between the plaintiff, Republic Services, Inc. ("Republic"), and the defendants, Liberty Mutual Insurance Company, Liberty Insurance Acquisition Corporation *f/k/a* Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation and Helmsman Management Services, Inc. (collectively referred to as the "Liberty Companies"). Republic is a holding company for numerous subsidiary corporations, limited liability companies, and limited partnerships that own and operate landfill and waste disposal facilities in Kentucky and approximately twenty-one other states.

Republic and the Liberty Companies entered into a contractual relationship (the "Workers'

1

Compensation Program") beginning on July 1, 1998, whereby the Liberty Companies were to provide "large deductible workers' compensation insurance for the Republic Companies, and claims administration for claims filed under those insurance coverages." The Workers Compensation Program was renewed by two subsequent annual policy contracts on July 1, 1999 and July 1, 2000, and ultimately expired on June 30, 2001.

Republic filed this action in Jessamine Circuit Court on November 10, 2003, and the Liberty Companies removed the action to this Court on November 13, 2003 on the basis of diversity jurisdiction. [DE #1] In its Complaint, Republic alleges that the Liberty Companies mishandled workers' compensation claims filed by various Republic employees. As a result, Republic seeks recovery based on several theories, including breach of contract, breach of fiduciary duty, negligence and fraud.

During the three successive annual policy contracts, approximately 7,740 workers' compensation claims were filed by Republic employees. According to Republic's expert, Timothy A. Snoddy, as of November 25, 2003 these claims had resulted in "incurred costs" of approximately $54.1 million related directly to such claims. "Incurred costs" are those monies which Republic paid out under the Workers' Compensation Program to either the Liberty Companies or to Republic's employees through the Liberty Companies handling, administration, and management of that program. [DE #30]

In order to facilitate review of the approximately 7,740 claims files at issue, Republic's experts selected for review all Claims Files having a total incurred cost of $7,500.00 or greater as of November 25, 2003. Of the 746 claims files that met this criterion, 557 were closed files, in which the case had been completed and the files closed with no additional costs being incurred. The

2

remaining 189 claims files were open, with ongoing activity and additional costs being incurred. Total costs incurred for the 746 claims files, as of November 25, 2003, were approximately $52.2 million, of which $21.0 million was for the 557 closed files and $31.2 million was for the 189 open files. [DE #30]

Republic's experts elected to further narrow their review of the number of Claims Files which would be audited and analyzed in detail by employing a statistical sampling approach. Using a statistical sampling approach which Republic alleges makes use of generally accepted statistical methods capable of providing results within reasonable mathematical certainty, Republic's experts divided the 746 Claims Files into three strata based on the total incurred costs, and using the Random Sampling Method, sub-groups of each of the strata were randomly selected for detailed evaluation and review, with the results then extrapolated to the entire population of 746 Claims Files. Republic's experts did not examine or review any Claims Files with incurred costs less than $7,500.00.

Based on this approach, Republic's experts examined 292 Claims Files in detail. Republic's experts have expressed opinions as to the amount of cost, if any, which should be "disallowed" based on the Liberty Companies' alleged mishandling of the workers' compensations claims files. Of these 292 Claims Files, Republic's experts have concluded that there should be $0 disallowance of claims costs on 129 Claims Files. [DE #30]

## II. THE LIBERTY COMPANIES' MOTION FOR PARTIAL SUMMARY JUDGMENT

The Liberty Companies have filed their motion for partial summary judgment with regard to two subgroups of the approximately 7,740 Claims Files at issue. First, the Liberty Companies seek partial summary judgment with regard to the Liberty Companies' handling of the Claims Files

3

with incurred costs less than $7,500.00. Second, the Liberty Companies seek partial summary judgment with respect to the handling of 128 Claims Files to which Republic's experts found $0 disallowance.[1] [DE #181] In support of their motion, the Liberty Companies argue that Republic has only offered expert opinions and damage assessments on the Claims Files with incurred costs of $7,500.00 or greater. In fact, the Liberty Companies argue that Republic's own experts specifically admit that the damage calculations are based only on the 746 Claims Files with incurred costs of $7,500.00. Additionally, the Liberty Companies argue that since Republic's experts relate zero disallowance or damages with respect to 128 Claims Files, Republic cannot prove that it sustained any damages from the handling of these Claims Files. For these reasons, the Liberty Companies seek partial summary judgment.

## III.  REPUBLIC'S RESPONSE TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT

In response, Republic first argues that the total number and cost of claims made by Republic employees during the Workers' Compensation Program had a direct and material impact on the premiums paid by Republic during the three contract periods of the Workers' Compensation Program. Second, Republic argues that the total losses also factored into the bonus/penalty arrangement under the 2000 Partnership Agreement between Republic and the Liberty Companies.[2]

---

[1] A review of Exhibit 3 to the Liberty Companies' motion for partial summary judgment entitled "292 Reviewed Files in Order of Disallowed Amounts Provided by Ballard" indicates that zero disallowance was found on 129 Claims Files, rather than 128 Claims Files as indicated in the Liberty Companies' motion. [DE #181, Ex 3] Republic did not address this discrepancy in its Response to the motion for partial summary judgment. [DE #218]

[2] On September 25, 2006, the Court entered its Opinion and Order granting Republic's motion for summary judgment with respect to the bonus/penalty provision of the Partnership Agreement. [DE #277]

4

Finally, Republic argues that the total losses directly affected the amount of collateral which Republic was required to provide the Liberty Companies to secure Republic's obligations in respect of the Republic Claims, which is directly tied to Republic's claim for damages for impairment of its capital. For these reasons, Republic argues that the total losses have a necessary nexus to Republic's damages in this case, and therefore, the Liberty Companies' motion for partial summary judgment should be denied.

## IV. ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris*

*Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id.at 249-50 (citations omitted).

### B. THE LIBERTY COMPANIES ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT WITH RESPECT TO ITS HANDLING OF CLAIMS FILES WITH INCURRED COSTS BELOW $7,500.00 AND FOR THE 129 CLAIMS FILES WITH ZERO DISALLOWANCE

Republic's experts selected for review only those Claims Files with incurred costs of $7,500.00 or greater. Thus, the remaining Claims Files with incurred costs less than $7,500.00 have not been reviewed by any of Republic's experts and Republic's experts express no opinion about the handling of these files. Of the 292 Claims Files examined in detail, Republic's experts found zero disallowance in 129 of these Claims Files. Based on these undisputed facts and viewing the evidence in the light most favorable to Republic, there is no way Republic can argue that the Liberty Companies' handling of *these* files resulted in damages to Republic. In other words, there is simply no evidence from which a jury could reasonably find in favor of Republic on these Claims Files. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

The alleged relationship between the total number and cost of claims under the Workers' Compensation Program to Republic's premiums and the amount of collateral Republic was required to provide the Liberty Companies does not change the fact that Republic cannot avoid partial summary judgment on the Claims Files which were not reviewed by Republic's experts or for which

their experts found zero disallowance. Accordingly, the Liberty Companies are entitled to summary judgment with respect to the Claims Files with incurred costs below $7,500.00 and the 129 Claims Files for which no mishandling or damages have been alleged or proved. While the total incurred costs of all the claims handled by the Liberty Companies may or may not be relevant to some of Republic's claims, granting the Liberty Companies' motion for partial summary judgment does not preclude Republic from introducing evidence of its total incurred costs during the Workers' Compensation Program.

## V.  CONCLUSION

For the reasons set forth above, and the Court being fully and sufficiently advised, IT IS HEREBY ORDERED:

(1) that the Liberty Companies' motion for partial summary judgment [DE #181] is GRANTED;

(2) Republic's claims based on the Claims Files with incurred costs below $7,500.00 and the 129 Claims Files with no evidence of mishandling or damages are DISMISSED; and

(3) this action REMAINS PENDING on Republic's remaining claims.

This the 26th day of October, 2006.

_KSF_
KARL S. FORESTER, SENIOR JUDGE

7