Eastern District of Kentucky
FILED

NOV 2 2 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 03-494-KSF

REPUBLIC SERVICES, INC.                                                                    PLAINTIFF

v.                                              **OPINION &ORDER**

LIBERTY MUTUAL INSURANCE CO., *et al.*                                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendants, Liberty Mutual Insurance Co, *et al.*, for partial summary judgment with regard to the plaintiff's claims for damages attributable to alleged lack of compensability of Claims Files administered, handled and managed by the defendants. [DE #253] This motion has been fully briefed and is ripe for review.

**I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of a contractual relationship between the plaintiff, Republic Services, Inc. ("Republic"), and the defendants, Liberty Mutual Insurance Company, Liberty Insurance Acquisition Corporation *f/k/a* Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation and Helmsman Management Services, Inc. (collectively referred to as the "Liberty Companies"). Republic is a holding company for numerous subsidiary corporations, limited liability companies, and limited partnerships that own and operate landfill and waste disposal facilities in Kentucky and approximately twenty-one other states.

Republic and the Liberty Companies entered into a contractual relationship (the "Workers' Compensation Program") beginning on July 1, 1998, whereby the Liberty Companies were to

1

provide "large deductible workers' compensation insurance for the Republic Companies, and claims administration for claims filed under those insurance coverages." The Workers Compensation Program was renewed by two subsequent annual policy contracts on July 1, 1999 and July 1, 2000, and ultimately expired on June 30, 2001.

Republic filed this action in Jessamine Circuit Court on November 10, 2003, and the Liberty Companies removed the action to this Court on November 13, 2003 on the basis of diversity jurisdiction. [DE #1] In its Complaint, Republic alleges that the Liberty Companies mishandled workers' compensation claims filed by various Republic employees. As a result, Republic seeks recovery based on several theories, including breach of contract, breach of fiduciary duty, negligence and fraud.

Essentially, Republic has challenged the Liberty Companies' administration, handling and management of approximately 7,740 Claims Files. Republic's experts have reviewed a sample of these Claims Files and established a "disallowance" amount based on "a point in time or . . . an occurrence (specific to each claim) at which the file, if properly handled, administered and managed, would not have resulted in the Liberty Companies incurring any further/inappropriate/unnecessary costs on Republic's behalf." [DE #30, Ballard Expert Report] The alleged lack of compensability of certain Claims Files is one of the various grounds asserted by Republic in support of its claims for damages.

## II. ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id.at 249-50 (citations omitted).

### B. THE LIBERTY COMPANIES' MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED

The Liberty Companies seek a partial summary judgment on Republic's claims for damages arising from certain Claims Files in which the Liberty Companies incurred costs despite the fact that

the injury was not work related. In support of these allegations, Republic relies on the proffered expert testimony of Thomas Ballard. In his review of the Claims Files, Ballard has identified Claims Files in which the Liberty Companies should have incurred no costs because the Claims Files were not compensable. According to the Liberty Companies, on every occasion in which Ballard identifies that a Claims File wherein compensability facts were not clearly identified, he presumed any compensability challenge would have been successful, then automatically disallowed all claims costs. The Liberty Companies argues that claims are presumed to have happened as reported; in order to rebut this presumption, the insurer must prove that the claim did not happen as reported and is not work related. Yet, the Liberty Companies argue, Ballard assumed that the Liberty Companies would have been able to successfully meet this burden on each of these Claims Files. As a result, the Liberty Companies argue that Ballard's opinions are inherently inaccurate, or at best, purely speculative; therefore, Republic cannot meet its burden of establishing causation.

The Court disagrees. The evidence and opinions offered by Ballard in support of Republic's claims present significant probative evidence of the existence of damages. The fact that the precise amount of damages may be difficult to ascertain cannot alone relieve the Liberty Companies of liability for its alleged wrongdoing. As set out in *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264 (1946), "the most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." [1]

Additionally, the Liberty Companies' reliance on the "substantial factor test" to argue that

---

[1] To the extent that the Liberty Companies seek summary judgment on the grounds that Ballard's methodology is too speculative, the Court notes that the Liberty Companies' pending motion under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude the testimony of Ballard [DE #260] is the appropriate vehicle to consider this argument, and thus reserves ruling on this issue.

Republic cannot prove that the Liberty Companies' alleged wrongdoing with respect to compensability is a substantial factor in bringing about Republic's harm does not justify partial summary judgment. The substantial factor test, applicable in tort actions where the exact cause is unknown and more than one potential cause is possible, is not necessarily applicable in this action based on the contractual relationship of the parties. The Liberty Companies have not cited any cases where the substantial factor test applied in a matter similar to the one currently before the Court. However, even if the Court were to apply the substantial factor test, the Liberty Companies is not entitled to summary judgment. Based on Ballard's review of the Claims Files, and his expert opinion that the actions of the Liberty Companies' resulted in damages to Republic, there is sufficient evidence on which the jury could reasonably find for Republic.

### III. CONCLUSION

Accordingly, the Court, being otherwise fully and sufficiently advised, hereby ORDERS that the Liberty Companies' motion for partial summary judgment with regard to Republic's claims for damages based on the alleged lack of compensability of certain Claims Files [DE #253] is hereby DENIED.

This the 22nd day of November, 2006.

*KSF*

KARL S. FORESTER, SENIOR JUDGE