Case: 5:03-cv-00494-KSF-JBT Doc #: 344 Filed: 12/01/06 Page: 1 of 7 - Page ID#: 12272

Eastern District of Kentucky
FILED
DEC 0 1 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 03-494-KSF

REPUBLIC SERVICES, INC.  PLAINTIFF

v.   **OPINION & ORDER**

LIBERTY MUTUAL INSURANCE
CO., *et al.*  DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendants, Liberty Mutual Insurance Co, *et al.*, for partial summary judgment with regard to the plaintiff's claim for punitive damages. [DE #259] This motion has been fully briefed and is ripe for review.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of a contractual relationship between the plaintiff, Republic Services, Inc. ("Republic"), and the defendants, Liberty Mutual Insurance Company, Liberty Insurance Acquisition Corporation *f/k/a* Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation and Helmsman Management Services, Inc. (collectively referred to as the "Liberty Companies"). Republic is a holding company for numerous subsidiary corporations, limited liability companies, and limited partnerships that own and operate landfill and waste disposal facilities in Kentucky and approximately twenty-one other states.

Republic and the Liberty Companies entered into a contractual relationship (the "Workers' Compensation Program") beginning on July 1, 1998, whereby the Liberty Companies were to

1

provide "large deductible workers' compensation insurance for the Republic Companies, and claims administration for claims filed under those insurance coverages." The Workers Compensation Program was renewed by two subsequent annual policy contracts on July 1, 1999 and July 1, 2000, and ultimately expired on June 30, 2001.

Republic filed this action in Jessamine Circuit Court on November 10, 2003, and the Liberty Companies removed the action to this Court on November 13, 2003 on the basis of diversity jurisdiction. [DE #1] In its Complaint, Republic alleges that the Liberty Companies mishandled workers' compensation claims filed by various Republic employees. As a result, Republic seeks damages, including punitive damages, based on several theories, including breach of contract, breach of fiduciary duty, negligence and fraud.

The Liberty Companies have filed this motion for partial summary judgment with respect to Republic's claim for punitive damages. First, the Liberty Companies argue that based on the Supreme Court's holding in *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), a jury in Kentucky cannot punish the Liberty Companies by awarding punitive damages for actions taken outside of the state. The Liberty Companies contend that Republic's own claims expert has disclosed and testified that none of the Claims Files filed in Kentucky and administered, handled and managed by the Liberty Companies under the Workers Compensation Program resulted in any damages to Republic.

Second, the Liberty Companies argue that Republic has failed to satisfy the reprehensibility standard articulated by the Supreme Court in *BMW of N. America v. Gore*, 517 U.S. 559 (1996). On these grounds, the Liberty Companies seek partial summary judgment on Republic's claim for punitive damages.

2

## II. ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [nonmoving party]. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

3

**B.    *STATE FARM v. CAMPBELL***

During the Workers Compensation Program, there were approximately 7,740 claims made by Republic employees in over 20 states. Only 322, or 4.16%, of the total claims were filed in Kentucky. Because Republic is contesting only those Claims Files with incurred costs of $7,500.00 or greater (amounting to 746 Claims Files), only 21 Kentucky Claims Files are at issue in this litigation. Republic's experts have reviewed in detail 292 of the 746 Claims Files with incurred costs of $7,500.00 or greater, including 5 of the Kentucky Claims Files. Republic's expert determined that of the 5 Kentucky Claims Files reviewed, none resulted in any disallowance, or damage, to Republic. [DE # 30, Ballard Expert Report] In fact, this Court's Opinion & Order of October 26, 2006, dismissed Republic's claims based on Claims Files with no evidence of mishandling or damages, including the 5 Kentucky Claims Files. [DE # 312]

The Liberty Companies argue that because Republic's prayer for punitive damages is based on alleged misconduct by the Liberty Companies that occurred outside the Commonwealth of Kentucky, as a matter of law under *State Farm*, the jury in this case cannot award punitive damages against the Liberty Companies because Kentucky does not have a legitimate interest in punishing the Liberty Companies' extraterritorial conduct. In *State Farm*, the Supreme Court held as follows:

> A State cannot punish a defendant for conduct that may have been lawful where it occurred. . . . Nor, as a general rule, does a State have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction.

*Id.* at 421. The rationale underlying this rule was described as follows:

> A basic principle of federalism is that each State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders, and each State alone can determine what measure of punishment, if any, to impose on a defendant who acts within its jurisdiction.

4

*Id.* at 422. The Sixth Circuit Court of Appeals subsequently addressed this issue in *Clark v. Chrysler Corporation*, 436 F.3d 594, 611 (6th Cir. 2006), holding that "a jury must be instructed . . . that it may not use evidence of out of state conduct to punish a defendant for action that was lawful where it occurred." The Liberty Companies argue that because this Court is sitting in diversity, and this matter will be tried by a jury, Republic cannot have a Kentucky jury award punitive damages against the Liberty Companies for conduct that occurred outside of this state.

On the other hand, Republic attempts to distinguish *State Farm* from this case. *State Farm* involved an insurance bad faith case which came before the United States Supreme Court from the Utah state courts in which the plaintiffs sought to establish that their individual motor vehicle insurance claim had been handled in bad faith and warranted the imposition of punitive damages by the presentation of evidence regarding a nationwide cost reduction program implemented by State Farm. On the basis of comity and federalism principles, the Supreme Court held that the Utah courts should not have allowed the trial jury to punish State Farm on the basis of this nationwide conduct relative to the plaintiffs' single in-state claim. *Id.* at 414-15.

Republic contends that the case at hand is distinguishable because the plaintiffs in *State Farm* complained of one instance of bad faith, and sought to use thousands of extra-territorial instances of conduct (that was in fact lawful where it occurred) to support the imposition of punitive damages against State Farm. The Court held that the evidence of nationwide conduct by State Farm did not have a reasonable nexus to the single instance of in-state bad faith in Utah identified by the plaintiffs, but noted that such evidence is likely to be probative in a proper set of facts:

> Lawful out-of-state conduct may be probative when it demonstrates
> the deliberateness and culpability of the defendant's action in the
> State where it is tortious, but that conduct must have a nexus to the

5

specific harm suffered by the plaintiff.

*Id.* at 422. In this case, Republic argues that a sufficient nexus exists between evidence of out-of-state conduct and the Claims Files at issue before the Court. According to Republic, this complex litigation has revealed that a broad cross-section of the Liberty Companies' conduct affected Republic, even if damages are not sought in connection with every Claims File.

Of the five Kentucky Claims Files reviewed in detail by Republic's experts, no disallowances, or damages, are alleged. Although Republic intends to extrapolate alleged damages found in 164 Claims Files to the remaining Claims Files at issue, including 16 Kentucky Claims Files, there is simply no specific proof that any of the alleged wrongdoing occurred in Kentucky. Based on *State Farm*, Republic should not be allowed to pursue its claim for punitive damages based on conduct, lawful or unlawful, which did not take place, or have sufficient nexus to, the state of Kentucky. Accordingly, the Court will grant the Liberty Companies' motion for partial summary judgment with respect to Republic's claim for punitive damages.

### C. *BMW v. GORE*

The Liberty Companies' motion for partial summary judgment on Republic's claims for punitive damages is also based on the United States Supreme Court's holding in *BMW of N. America v. Gore*, 517 U.S. 559, 576 (1996), that the most important indicator of whether punitive damages are reasonable enough to comport with the Due Process Clause of the Fourteenth Amendment is whether the acts of the defendant are sufficiently reprehensible to warrant punishment and deterrence. Inasmuch as the Court finds no sufficient nexus to allow Republic to pursue its claim for punitive damages under *State Farm*, the Court declines to reach this issue.

## III. CONCLUSION

Accordingly, the Court, being otherwise fully and sufficiently advised, hereby ORDERS that the Liberty Companies' motion for partial summary judgment with regard to Republic's claim for punitive damages [DE #259] is hereby GRANTED, and Republic's claim for punitive damages is hereby DISMISSED.

This the ___ day of December, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE