UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 03-494-KSF

REPUBLIC SERVICES, INC.                                                                          PLAINTIFF

v.                                          **OPINION & ORDER**

LIBERTY MUTUAL INSURANCE
COMPANY, *et al.*                                                                               DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the Liberty Companies' for partial summary judgment based on the applicable statute of limitations. [DE #252]  This matter has been fully briefed and is ripe for review.  In light of the Court's Opinion & Order [DE # 362]of January 12, 2007 reopening expert witness discovery to allow Republic to address the impact of the individual states' workers' compensation laws and practice on its claims, the Liberty Companies' motion is no longer relevant as written to the extent that it depends on a ruling as to the accrual of certain claims.  Until such time as Republic's claims handling expert or experts have alleged when each claim accrued after considering the applicable workers' compensation laws and practice, a ruling as to the accrual and application of the appropriate statute of limitations is premature.  Accordingly, the Liberty Companies' motion will be denied without prejudice to refiling upon the completion of expert witness discovery.

A ruling on the specific statute of limitations applicable to Republic's claims, however, is not precluded by the reopening of expert witness discovery.  Thus, as requested by the Liberty

1

Companies, the Court will briefly address the statute of limitations applicable to Republic's claims for negligence, fraud, and breach of fiduciary duty.

This Court, sitting in diversity, must apply the procedural law of the forum, here Kentucky, including its statute of limitations. *Combs v. Intl. Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). The parties apparently agree that under Kentucky law the statute of limitations for fraud claims is five years, K.R.S. 413.120, and for breach of fiduciary duty claims it is five years, K.R.S. 413.140. With respect to Republic's claims of negligence, the Liberty Companies argue that the statute of limitations is governed by K.R.S. 413.245 ("Actions for professional service malpractice"). This statute provides:

> Notwithstanding any other prescribed limitations of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability.

K.R.S. 413.245. "Professional services" is defined in K.R.S. 413.243 as "any service rendered in a profession required to be licensed, administered and regulated as professions in the Commonwealth of Kentucky, except those professions governed by KRS 413.140." However, as Republic argues, the services performed by the Liberty Companies do not fall within the ambit of this statute. *See Plaza Bottle Shop, Inc. v. Al Torstrick Ins. Agency, Inc.*, 712 S.W.2d 349, 351 (Ky. App. 1986)(holding that the services rendered by insurance agent did not fall within the statutory definition of "professional services"). The Liberty Companies are unable to cite any cases in support of applying the "professional services" statute of limitations to the negligence claims alleged by Republic. Given the commercial nature of the tortious breach of contract alleged, the Court will

apply the five year statute of limitations found in K.R.S. 413.120(7), applying to actions "for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated," to Republic's claims of negligence.

However, because many of the Claims Files at issue were filed in other states, Kentucky's "borrowing statute," K.R.S. 413.230, applies. "A borrowing statute is a legislative exception from the general rule that the forum always applies its statute of limitation." *Id*. at 578. K.R.S. 413.320 provides as follows:

> When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitations prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of the said shorter period.

In this case, Kentucky's borrowing statute will be implicated if these two requirements are met: (1) the Claims File was filed in a state other than Kentucky; and (2) the applicable statute of limitations period in the state where the Claims File was filed is shorter than Kentucky's limitation period. *Freeman v. Laventhol & Horwath*, 34 F.3d 333, 339 (6th Cir. 1994).

Accordingly, the Court being fully and sufficiently advised, hereby ORDERS that the Liberty Companies' motion for partial summary judgment based on the applicable statute of limitations [DE #252] is DENIED WITHOUT PREJUDICE to refiling upon the conclusion of expert witness discovery.

This January 16, 2007.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**

3